# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

CNS INTERNATIONAL )
MINISTRIES, INC., )
                        )
        Plaintiff, )
                        )     Case No. 2:21-cv-00065
   v.                  )
                        )
JENNIFER TIDBALL, )
                        )
        Defendant. )

## DEFENDANTS' ANSWER

Defendants[1], by and through counsel, for their answer to Plaintiff's Complaint state as follows:

Defendants deny each and every allegation in Plaintiff's Complaint, unless expressly admitted, and then only to the extent of the referenced response. Any factual averment admitted is limited to the fact itself and does not extend to any conclusions, characterizations, implications, or speculation contained therein or in Plaintiff's Complaint as a whole. Defendants also specifically deny any pseudo-allegations contained in headings, prayers for relief, or unnumbered paragraphs.

---

[1] By operation of law, Jennifer Tidball's successor in office, Acting Director Robert Knodell, is substituted as a defendant for Defendant Tidball to the extent that she is named as a defendant in her official capacity as Acting Director of the Missouri Department of Social Services. See Fed. R. Civ. P. 25(d). The Complaint also names Jennifer Tidball as a defendant in her individual capacity.

## "Nature of Case"

1.     The first sentence of Paragraph 1 of Plaintiff's Complaint consists of Plaintiff's characterization of its Complaint, requiring no response from Defendants.  The second sentence of Paragraph 1 of Plaintiff's Complaint contains characterizations of statutes and regulations that Defendants deny and legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Paragraph 2 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  *Heartland Academy Community Church v. Waddle*, 317 F.Supp.2d 984 (E.D. Mo. 2004), and *Heartland Academy Community Church v. Waddle*, 427 F.3d 525 (8th Cir. 2005), speak for themselves.  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

## "Parties"

3.     Paragraph 3 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit the allegations contained in the first sentence of Paragraph 3 of Plaintiff's Complaint.  To the extent a further response is required, Defendants

deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Paragraph 4 of Plaintiff's Complaint contains a legal conclusion that Defendants are not required to admit or deny.  Defendant Tidball is without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.  The Missouri Department of Social Services admits on information and belief that Plaintiff is a 501(c)(3) organization.  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     Paragraph 5 of the Complaint contains a legal conclusion that Defendants are not required to admit or deny.  Defendants admit that Jennifer Tidball was formerly the Acting Director of the Missouri Department of Corrections but deny that she is currently serving as Acting Director.  The current Acting Director is Robert Knodell.  Under Rule 25(d) he is automatically substituted as a party in his official capacity for Defendant Tidball to the extent that she was named as a defendant in her official capacity as Acting Director of the Department.  Defendants admit that the Complaint named Ms. Tidball as a defendant in her individual and official capacities.  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

**"Jurisdiction and Venue"**

6.      The allegations contained in Paragraph 6 of the Complaint consist of legal conclusions or Plaintiff's characterization of its Complaint, requiring no response from Defendants.

7.      The allegations contained in Paragraph 7 of the Complaint consist of legal conclusions requiring no response from Defendants.

8.      Paragraph 8 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

**"Facts Pertaining to All Counts**

**A. An Intentional Community"**

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore deny the same.

10.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore deny the same.

11.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore deny the same.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore deny the same.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore deny the same.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore deny the same.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore deny the same.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore deny the same.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore deny the same.

19.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore deny the same.

20.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore deny the same.

21.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore deny the same.

22.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore deny the same.

23.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore deny the same.

24.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore deny the same.

25.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore deny the same.

26. Paragraph 26 of Plaintiff's Complaint appears to consist of an expression of Plaintiff's religious beliefs concerning "the church" requiring no response from Defendants.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore deny the same.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore deny the same.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore deny the same.

30. Paragraph 30 of Plaintiff's Complaint appears to be an expression of Plaintiff's religious belief requiring no response from Defendants. To the extent that Paragraph 30 might be construed as containing factual allegations Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore deny the same.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning the content of Plaintiff's religious beliefs expressed in Paragraph 31 of Plaintiff's Complaint

and therefore deny the same. To the extent that Paragraph 31 of Plaintiff's Complaint contains factual allegations concerning the lives of early Christians Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and therefore deny the same.

32. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore deny the same.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint appear to consist of a statement of Plaintiff's belief or philosophy, requiring no response from Defendants. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore deny the same.

34. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore deny the same.

35. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore deny the same.

36. Paragraph 36 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. *Roberts v.*

*United States Jaycees*, 468 U.S. 609 (1984), speaks for itself. To the extent a response is required Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore deny the same.

**"B.    Heartland is a Safe Community."**

37.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, which concern Heartland's knowledge, contained in the first sentence of Paragraph 37 of Plaintiff's Complaint, and therefore deny the same. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 37 of Plaintiff's Complaint and therefore deny the same.

**"C.    House Bill Nos. 557 and 560"**

38.    Defendants admit the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    Paragraph 39 of the Complaint consists of legal conclusions that Defendants are not required to admit or deny. 2021 House Bills 557 and 560 speak for themselves and Defendants deny all allegations not in conformance with the bills. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.    Paragraph 40 of the Complaint consists of legal conclusions that Defendants are not required to admit or deny.  Defendants admit that the Missouri Department of Social Services adopted emergency rules, effective on October 1, 2021, that apply to License Exempt Residential Care Facilities (LERCFs).  Defendants admit that 13 CSR 35-71.015 is among those emergency rules.  13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the emergency rule.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.    Paragraph 41 of the Complaint contains a legal conclusion that Defendants are not required to admit or deny.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff has a boarding school.  Defendants do not know what specific services Plaintiff provides to persons Plaintiff serves.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.    Paragraph 42 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit that the emergency rules include provisions concerning background checks.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

10

### "1.     Compelled Notification Procedures"

43.     Paragraph 43 of the Complaint consists of legal conclusions and arguments that Defendants is not required to admit or deny.  Mo. Rev. Stat. §§210.1259.2 and 210.1262 speak for themselves and Defendants deny all allegations not in conformance with the statutes.  The emergency rule 13 CSR 35-71.300 speaks for itself and Defendants deny all allegations not in conformance with the regulation.

44.     Paragraph 44 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat. §210.1264 speaks for itself and Defendants deny all allegations not in conformance with the statute.   13 CSR 35-71.300 speaks for itself and Defendants deny all allegations not in conformance with the regulation.

45.     Paragraph 45 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat. §§210.1268 and 210.1271 speak for themselves and Defendants deny all allegations not in conformance with the statutes.

### "2.     Required Background Checks"

46.     Paragraph 46 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit that Paragraph 46 of Plaintiff's Complaint accurately quotes the language of Mo. Rev. Stat. §210.1263.  Mo. Rev. Stat. §§210.493 and 210.1263

speak for themselves and Defendants deny all allegations not in conformance with the statutes. 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Paragraph 47 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Paragraph 48 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §§210.493 and 210.1263 speak for themselves and Defendants deny all allegations not in conformance with the statutes. 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation. Defendants are without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in the third sentence of Paragraph 48 of Plaintiff's Complaint and therefore deny the same.

49.     Defendants admit that Paragraph 49 of Plaintiff's Complaint accurately quotes the language of Mo. Rev. Stat. §210.493.3. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Paragraph 50 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute.   13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Paragraph 51 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat. §210.1283 speaks for itself and Defendants deny all allegations not in conformance with the statute.  To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Paragraph 52 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  The language of Paragraph 52 of the Complaint contains an accurate quote from Mo. Rev. Stat. §210.493.11.  Mo. Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute.  To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Paragraph 53 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in Paragraph 53 of Plaintiff's Complaint and therefore deny the same.

54.     Paragraph 54 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  *Jamison v. Dep't of Soc. Servs.*, 218 S.W.3d 399 (Mo. banc 2007), speaks for itself.  Mo. Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in the second sentence of Paragraph 54 of Plaintiff's Complaint and therefore deny the same.

### "3.     Lack of Due Process

### a.     Claims of Abuse or Neglect"

55.     Paragraph 55 of Plaintiff's Complaint consists of a characterization of Mo. Rev. Stat. §210.143 that Defendants deny.  Mo. Rev. Stat. §210.143 speaks for itself and Defendants deny all allegations not in conformance with the statute.

56.     Paragraph 56 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat.

§210.143 speaks for itself and Defendants deny all allegations not in conformance with the statute. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Paragraph 57 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §210.143 speaks for itself and Defendants deny all allegations not in conformance with the statute. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Paragraph 58 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §210.143 speaks for itself and Defendants deny all allegations not in conformance with the statute. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Paragraph 59 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §210.143 speaks for itself and Defendants deny all allegations not in conformance with the statute. To the extent a response is required Defendants

deny the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Paragraph 60 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §210.143 and the Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286, speaks for themselves and Defendants deny all allegations not in conformance with the statutes. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Paragraph 61 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §210.143.4 speaks for itself and Defendants deny all allegations not in conformance with the statute. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Paragraph 62 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §210.143 speaks for itself and Defendants deny all allegations not in conformance with the statute. The Department's emergency regulations speak for themselves and Defendants deny all allegations not in conformance with

the regulations. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Paragraph 63 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny and a characterization of Mo. Rev. Stat. §210.143 that Defendants deny. Defendants admit that the language of the block quote contained in Paragraph 63 of the Complaint accurately quotes Mo. Rev. Stat. §210.143.6. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Paragraph 64 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 64 of Plaintiff's Complaint.

### "b. Background Check Ineligibility"

65. Paragraph 65 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Paragraph 66 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that the Missouri Department of Social Services will not tell a facility or

child placing agency the reason an applicant is found ineligible. Mo. Rev. Stat. §210.493.9 speaks for itself and Defendants deny all allegations not in conformance with the statute. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.	Paragraph 67 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.	Paragraph 68 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. The allegations of the block quote contained in Paragraph 68 are not numbered in conformity with 13 CSR 35-71.015(12)(B)E, but accurately quote the language of 13 CSR 35-71.015(12)(B)E.2 through E.7. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.	Paragraph 69 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §210.493.12 speaks for itself and Defendants deny all allegations not in conformance with the statute. 13 CSR 35-71.015(12) speaks for itself and Defendants deny all allegations not in conformance with the regulation. To

the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Paragraph 70 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. A "person who is aggrieved by a decision of the division under" 13 CSR 35-71.015 may appeal as provided in 13 CSR 35-71.015(12). *See* 13 CSR 35-71.015(12)(A); *see* Mo. Rev. Stat. §210.493.12. The statute and regulation speak for themselves and Defendants deny all allegations not in conformance therewith.

71. Paragraph 71 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny and a characterization of 13 CSR 35-71.015 that Defendants deny. Defendants admit that Paragraph 71 of Plaintiff's Complaint accurately quotes the language of 13 CSR 35-71.015(12)(C)E.8. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Paragraph 72 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. 13 CSR 35-71.015(12)(C)E.6 speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.    Paragraph 73 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit that Paragraph 73 of Plaintiff's Complaint accurately quotes the language of 13 CSR 35-71.015(12)(D).  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.    Paragraph 74 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat. §536.150 speaks for itself and Defendants deny all allegations not in conformance with the statute.  Defendants admit that the block quote contained in Paragraph 74 of Plaintiff's Complaint accurately quotes the language of Mo. Rev. Stat. §536.150.1.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.    Paragraph 75 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.    Paragraph 76 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent

a response is required Defendants deny the remaining allegations contained in Paragraph 76 of Plaintiff's Complaint.

## "Count I

## Violation of Federal Privacy Laws"

77.    As to Paragraph 77 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 76 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

78.    The Missouri Department of Social Services admits on information and belief that Plaintiff is a Missouri nonprofit corporation. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning the number of employees Plaintiff has, the specific services provided by Plaintiff, or who specifically receives services provided by Plaintiff. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.    Paragraph 79 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.    Paragraph 80 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent

a response is required Defendants deny the remaining allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Paragraph 81 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants are without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in Paragraph 81 of Plaintiff's Complaint and therefore deny the same.

82. Paragraph 82 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. 42 C.F.R. §§2.12 and 2.13 speak for themselves and Defendants deny all allegations not in conformance with the regulation. The third sentence of Paragraph 82 of Plaintiff's Complaint appears to refer to the definition of the term "person" in 42 C.F.R. §2.11. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Paragraph 83 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Mo. Rev. Stat. §210.1262 is part of the Residential Care Facility Notification Act. Mo. Rev. Stat. §210.1262 speaks for itself and Defendants deny all allegations not in conformance with the statute. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.    Paragraph 84 of the Complaint consists of a legal conclusion that Defendants are not required to admit or deny.  Mo. Rev. Stat. §210.1259 speaks for itself and Defendants deny all allegations not in conformance with the statute.

85.    Defendants admit the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.    Paragraph 86 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat. §210.1271 speaks for itself and Defendants deny all allegations not in conformance with the statute.  To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.    Paragraph 87 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute.  To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.    Paragraph 88 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent

a response is required Defendants deny the remaining allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     Paragraph 89 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit that Paragraph 89 of Plaintiff's Complaint contains an accurate quote from *United States v. Cresta*, 825 F.2d 538, 552 (1st Cir. 1987).  The opinion speaks for itself.  To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Paragraph 90 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  The language quoted in the first sentence of Paragraph 90 of Plaintiff's Complaint is taken out of context of the full sentence of page 388 of the article *Confidentiality of Alcohol and Other Drug Abuse Treatment Information for Emergency Department and Trauma Center Patients* from which it is taken.  The Vermont Supreme Court's *In re B.S.* opinion, 659 A.2d 1137 (Vt. 1995), speaks for itself. *Whyte v. Conn. Mut. Life Ins. Co.*, 818 F.2d 1005, 1010 (1st Cir. 1987), speaks for itself.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     Paragraph 91 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit that Paragraph 91 of Plaintiff's Complaint contains accurate quotes

from *Ellison v. Cocke County,* 63 F.3d 467, 471 (6th Cir. 1995), and *United States ex rel. Chandler v. Cook County,* 277 F.3d 969, 981 (7th Cir. 2002). The opinions speak for themselves. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Paragraph 92 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Paragraph 92 of Plaintiff's Complaint accurately quotes a portion of 42 C.F.R. §2.20. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Paragraph 93 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Judge White's December 20, 2017, order in *In re Employment Records of John Does Employed by Sharpe Holdings*, E.D. Mo. Case No. 4:17MC238RLW speaks for itself. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Paragraph 94 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required Defendants deny the remaining allegations contained in Paragraph 94 of Plaintiff's Complaint.

## "Count II"

## "Violation of Plaintiff's Right of Expressive Association"

95.     As to Paragraph 95 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 94 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

96.     Defendants admit the allegations contained in the first sentence of Paragraph 96 of Plaintiff's Complaint.  Paragraph 96 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  *Roberts v. United States Jaycees*, 468 U.S. 609 (1984), speaks for itself. To the extent a response is required Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of Plaintiff's Complaint and therefore deny the same.

97.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Complaint and therefore deny the same.

98.     Paragraph 98 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  Mo. Rev. Stat. §210.1262 speaks for itself and Defendants deny all allegations not in conformance with the statute.  To the extent a response is required Defendants

deny the remaining allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Mo. Rev. Stat. §210.1259.2 speaks for itself and Defendants deny all allegations not in conformance with the statute. The emergency rule 13 CSR 35-71.300 speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Paragraph 100 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny and a characterization of Mo. Rev. Stat. §210.1271 that Defendants deny. The Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286, speaks for itself and Defendants deny all allegations not in conformance with the statute. The Department's emergency rules speak for themselves and Defendants deny all allegations not in conformance with the emergency rules. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Paragraph 101 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Paragraph 101 of Plaintiff's Complaint contains accurate quotes from *Ellison v. Cocke County,* 63 F.3d 467, 471 (6th Cir. 1995), and *United*

*States ex rel. Chandler v. Cook County,* 277 F.3d 969, 981 (7th Cir. 2002). The opinions speak for themselves. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. Paragraph 102 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 102 of Plaintiff's Complaint and therefore deny the same.

103. Paragraph 103 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Paragraph 104 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that the block quote in Paragraph 104 of Plaintiff's Complaint accurately quotes the language of Mo. Rev. Stat. §210.1263. Mo. Rev. Stat. §§210.493 and 210.1263 speak for themselves and Defendants deny all allegations not in conformance with the statutes. 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the

regulation. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Paragraph 105 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that background checks are required of support staff of residential care facilities. Mo. Rev. Stat. §210.1263; 13 CSR 35-71.015(1)(A)(1). The Department's definition of "support staff" can be found in the emergency rule 13 CSR 35-71.015(1)(L). Defendants admit that lawyers and accountants may fall within that definition. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of Plaintiff's Complaint and therefore deny the same.

106. Paragraph 106 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo. Rev. Stat. §§210.493 and 210.1283 speak for themselves and Defendants deny all allegations not in conformance with the statutes. 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Paragraph 107 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny and a

characterization that Defendants deny. The results of an applicant's background check determine whether the applicant "is eligible or ineligible for employment or presence at the residential care facility subject to the notification requirements of sections 210.1250 to 210.1286." Mo. Rev. Stat. §210.493.10. Mo. Rev. Stat. §210.493.11 provides in part that "An applicant shall be ineligible if the applicant… (5) Has pled guilty or nolo contendere to or been found guilty of: … (k) A felony drug-related offense committed during the preceding five years[.]…" Mo. Rev. Stat. §210.493.11(5)(k). Mo. Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute.

108. Paragraph 108 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny and incorporates from Paragraph 7 of the Complaint a characterization of Mo. Rev. Stat. §210.493 that Defendants deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute.

109. Paragraph 108 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that, under Mo. Rev. Stat. §210.493.11, an applicant is ineligible if the applicant "(5) Has pled guilty or nolo contendere to or been found guilty of: … (k) A felony drug-related offense committed during the preceding five years[.]…" Mo. Rev. Stat. §210.493.11(5)(k). To the extent a response is

required Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 109 of Plaintiff's Complaint and therefore deny the same.

110. Paragraph 110 of Plaintiff's Complaint contains a legal conclusion that Defendants are not required to admit or deny. Defendants admit that background checks are required of support staff of residential care facilities. Mo Rev. Stat. §210.1263; 13 CSR 35-71.015(1)(A)(1). The Department's definition of "support staff" can be found in the emergency rule 13 CSR 35-71.015(1)(L). Defendants admit that lawyers and accountants may fall within that definition. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of Plaintiff's Complaint and therefore deny the same.

111. Paragraph 111 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. *NAACP v. Alabama*, 357 U.S. 449 (1958); *Bates v. City of Little Rock*, 361 U.S. 516 (1960); *Gibson v. Florida Legislative Investigation Comm.*, 372 U.S. 539 (1963); and *Louisiana ex rel. Gremillion v. NAACP*, 366 U.S. 293 (1961) speak for themselves.

112. Paragraph 112 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in

31

conformance with the statute. The emergency rules speak for themselves and Defendants deny all allegations not in conformance with the regulations. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 112 of Plaintiff's Complaint.

113. Defendants admit the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114. Paragraph 114 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Mo Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute. 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. Defendants admit that Paragraph 115 accurately quotes the definition of "Officer" in 13 CSR 35-71.015(1)(I).

116. Defendants admit the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117. Paragraph 117 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute. Defendants admit that 2021 House Bills 557

and 560 do not contain a definition of "contractor."  Defendants admit that the Missouri Department of Social Services' emergency rules, effective on October 1, 2021, do not define "contractor."  13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.   Paragraph 118 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  The emergency rule 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.   Paragraph 119 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.   Paragraph 120 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.   Paragraph 121 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 121 of Plaintiff's Complaint.

## "Count III

## Procedural Due Process"

122.   As to Paragraph 122 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 121 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

123.   Paragraph 123 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.   Paragraph 124 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.   Paragraph 125 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  *Heartland Academy Community Church v. Waddle*, 317 F.Supp.2d 984 (E.D. Mo. 2004), and *Heartland Academy Community Church v. Waddle*, 427 F.3d 525 (8th Cir.

2005), speak for themselves. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 125 of Plaintiff's Complaint.

126. Paragraph 126 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 126 of Plaintiff's Complaint.

127. Paragraph 127 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 127 of Plaintiff's Complaint.

128. Paragraph 128 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute. The emergency rule 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the statute. Further answering, Defendants affirmatively state that the Department of Social Services will not use a finding in Missouri's central registry to find an applicant ineligible for presence or employment at a residential care facility or child placing agency unless or until the finding is final and the finding (a) has been substantiated by a court adjudication, by at

least a preponderance of the evidence standard; (b) the finding has been upheld by a preponderance of the evidence standard; (c) the applicant has waived administrative review or judicial review of the finding; or (d) the applicant has been found guilty of or pleaded guilty to an offense enumerated in sections 210.110(3) or 210.118 RSMo.

129.    Paragraph 129 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.    Paragraph 130 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  The Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286, speaks for itself and Defendants deny all allegations not in conformance with the statutes.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.    Paragraph 131 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 131 of Plaintiff's Complaint.

## "Count IV

## Parental Rights"

132.    As to Paragraph 132 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 131 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

133.    Paragraph 133 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.    Paragraph 134 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.    Paragraph 135 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.    Paragraph 136 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. *Pierce v. Soc'y of Sisters of the Holy Names of Jesus and Mary*, 268 U.S. 510 (1925), speaks

for itself.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.   Paragraph 137 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.   Paragraph 138 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.   Paragraph 139 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 139 of Plaintiff's Complaint.

## "Count V

## The *Hosanna-Tabor* Ministerial Exception"

140.   As to Paragraph 140 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 139 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

141.   Paragraph 141 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent

a further response is required Defendants deny the remaining allegations contained in Paragraph 141 of Plaintiff's Complaint.

142. Paragraph 142 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 142 of Plaintiff's Complaint.

143. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiff's Complaint and therefore deny the same.

144. Paragraph 144 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. The Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286, speaks for itself and Defendants deny all allegations not in conformance with the statutes. The Department's emergency rules speak for themselves and Defendants deny all allegations not in conformance with the regulations. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171 (2012) speaks for itself. To the extent a further response is required Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 144 of Plaintiff's Complaint and therefore deny the same.

145.   Paragraph 145 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  Mo Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute.  The emergency rules speak for themselves and Defendants deny all allegations not in conformance with the regulations.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.   Defendants admit the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.   Paragraph 147 of the Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  Mo Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute.   13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.   Defendants admit that Paragraph 115 accurately quotes the definition of "Officer" in 13 CSR 35-71.015(1)(I).

149.   Paragraph 149 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.

The emergency rule 13 CSR 35-71.015 contains the following definition of "support staff":

> (L) "Support Staff" or "Staff" of an LERCF, LRCF, or Child Placing Agency include any individual who works for or performs services, including professional services, for the LERCF, LRCF or Child Placing Agency, whether compensated or not. Staff can be employees and employees can be staff.

To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 149 of Plaintiff's Complaint.

150.    Paragraph 150 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Mo Rev. Stat. §210.493 speaks for itself and Defendants deny all allegations not in conformance with the statute. Defendants admit that 2021 House Bills 557 and 560 do not contain a definition of "contractor." Defendants admit that the Missouri Department of Social Services' emergency rules, effective on October 1, 2021, do not define "contractor." 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.    Paragraph 151 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. The emergency rule 13 CSR 35-71.015 speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is

required Defendants deny the remaining allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.  Paragraph 152 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.  Paragraph 153 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 153 of Plaintiff's Complaint.

## "Count VI

## Illegal Search and Seizure"

154.  As to Paragraph 154 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 153 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

155.  Paragraph 155 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a further response is required Defendants deny the remaining allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.  Paragraph 156 of the Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent

a further response is required Defendants deny the remaining allegations contained in Paragraph 156 of Plaintiff's Complaint.

157. Defendants deny each and every allegation of Plaintiff's Complaint not herein admitted.

## Affirmative and Other Defenses

158. Plaintiff has failed to state a claim upon which relief can be granted. Therefore this case should be dismissed under Rule 12(b)(6).

159. Count I fails to state a claim upon which relief can be granted because neither Mo. Rev. Stat. §210.1262 nor the emergency rules adopted by the Missouri Department of Social Services on October 1, 2021, that apply to License Exempt Residential Care Facilities (LERCFs) require Plaintiff to violate federal law.

160. Plaintiff lacks standing to bring procedural due process claims on behalf of individual members of its association.

## Jury Demand

161. Defendants demand a jury on all issues triable by a jury.

## Prayer for Relief

162. For the reasons stated hereinabove, Defendants request that the Court order judgment in their favor, award them their costs and expenses, and for such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Emily A. Dodge*
Kaleb Gregory, #72821
*Assistant Solicitor General*
815 Olive Street, Suite 200
St. Louis, MO 63101
Tel: (314) 340-7846
Fax: (573) 751-0774
Kaleb.Gregory@ago.mo.gov

Emily A. Dodge, Mo Bar #53914
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102-0899
Tel: (573) 751-7344
Fax: (573) 751-9456
Email: Emily.Dodge@ago.mo.gov
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2021, the foregoing was filed and served via the Court's electronic filing system upon all counsel of record.

*/s/ Emily A. Dodge*
Emily A. Dodge
Assistant Attorney General