## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

CNS INTERNATIONAL            )
MINISTRIES, INC.,            )
                             )
            Plaintiff,       )
                             )      Case No. 2:21-cv-00065
      v.                     )
                             )
ROBERT KNODELL,              )
                             )
            Defendant.       )

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant, by and through counsel, for its answer to Plaintiff's Complaint state as follows:

The claims against Defendant Knodell in his individual capacity have been dismissed without prejudice pursuant to the stipulation of the parties and the Court's March 17 Order (Ct. Doc. 22). Accordingly, Defendant Knodell is not required to respond to any allegations asserted against him in his individual capacity in the First Amended Complaint.

Defendant denies each and every allegation in Plaintiff's Complaint, unless expressly admitted, and then only to the extent of the referenced response. Any factual averment admitted is limited to the fact itself and does not extend to any conclusions, characterizations, implications, or speculation contained therein or in Plaintiff's Complaint as a whole. Defendant also

specifically denies any pseudo-allegations contained in headings, prayers for relief, or unnumbered paragraphs.

## "Nature of Case"

1.     The first sentence of Paragraph 1 of Plaintiff's First Amended Complaint consists of Plaintiff's characterization of its First Amended Complaint, requiring no response from Defendant.  The second sentence of Paragraph 1 of Plaintiff's First Amended Complaint contains characterizations of statutes and regulations that Defendant denies and legal conclusions and arguments that Defendant is not required to admit or deny.  To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2.     Paragraph 2 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. *Heartland Academy Community Church v. Waddle*, 317 F.Supp.2d 984 (E.D. Mo. 2004), and *Heartland Academy Community Church v. Waddle*, 427 F.3d 525 (8th Cir. 2005), speak for themselves.  To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

## "Parties"

3.     Paragraph 3 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny.

Defendant admits the allegations contained in the first sentence of Paragraph 3 of Plaintiff's First Amended Complaint.  To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4.     Paragraph 4 of Plaintiff's First Amended Complaint contains a legal conclusion that Defendant is not required to admit or deny.  Defendant admits on information and belief that Plaintiff is a 501(c)(3) organization.  To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.     Paragraph 5 of the First Amended Complaint contains a legal conclusion that Defendant is not required to admit or deny.  Defendant admits that Robert Knodell is the Acting Director of the Missouri Department of Social Services and that Jennifer Tidball was his predecessor in that role. To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

## "Jurisdiction and Venue"

6.     The allegations contained in Paragraph 6 of the First Amended Complaint consist of legal conclusions or Plaintiff's characterization of its First Amended Complaint, requiring no response from Defendant.

7.     The allegations contained in Paragraph 7 of the First Amended Complaint consist of legal conclusions requiring no response from Defendant.

3

8.     Paragraph 8 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

## "Facts Pertaining to All Counts

## A. An Intentional Community"

9.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint and therefore denies the same.

10.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint and therefore denies the same.

11.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and therefore denies the same.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies the same.

13.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint and therefore denies the same.

14.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and therefore denies the same.

15.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and therefore denies the same.

16.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint and therefore denies the same.

17.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and therefore denies the same.

18.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint and therefore denies the same.

19.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint and therefore denies the same.

20.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint and therefore denies the same.

21.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint and therefore denies the same.

22.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint and therefore denies the same.

23.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint and therefore denies the same.

24.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint and therefore denies the same.

25.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint and therefore denies the same.

26.    Paragraph 26 of Plaintiff's First Amended Complaint appears to consist of an expression of Plaintiff's religious beliefs concerning "the church" requiring no response from Defendant.

27.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint and therefore denies the same.

28.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint and therefore denies the same.

29.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint and therefore denies the same.

30.     Paragraph 30 of Plaintiff's First Amended Complaint appears to be an expression of Plaintiff's religious belief requiring no response from Defendant.  To the extent that Paragraph 30 might be construed as containing factual allegations Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint and therefore denies the same.

31.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning the content of Plaintiff's religious beliefs expressed in Paragraph 31 of Plaintiff's First Amended Complaint and therefore denies the same.  To the extent that Paragraph 31 of Plaintiff's First Amended Complaint contains factual allegations concerning the lives of early Christians Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and therefore denies the same.

32.     Defendants is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint and therefore denies the same.

33.     The allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint appear to consist of a statement of Plaintiff's belief or philosophy, requiring no response from Defendant.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint and therefore denies the same.

34.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint and therefore denies the same.

35.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint and therefore denies the same.

36.     Paragraph 36 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. *Roberts v. United States Jaycees*, 468 U.S. 609 (1984), speaks for itself.  To the extent a response is required Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations

contained in Paragraph 36 of Plaintiff's First Amended Complaint and therefore denies the same.

### "B.   Heartland is a Safe Community."

37.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, which concern Heartland's knowledge, contained in the first sentence of Paragraph 37 of Plaintiff's First Amended Complaint, and therefore denies the same.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 37 of Plaintiff's First Amended Complaint and therefore denies the same.

### "C.   House Bill Nos. 557 and 560"

38.   Defendant admits the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39.   Paragraph 39 of the First Amended Complaint consists of legal conclusions that Defendant is not required to admit or deny.  2021 House Bills 557 and 560 speak for themselves and Defendant denies all allegations not in conformance with the bills.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40.   Paragraph 40 of the First Amended Complaint consists of legal conclusions that Defendant is not required to admit or deny.  Defendant denies

9

that LERCFs are now governed by emergency regulations that went into effect on October 1, 2021.  Further answering, Defendant denies that the First Amended Complaint provides the definition of LERCF set forth in 13 CSR 35-71.015(1)(F).  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the rule.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41.    Paragraph 41 of the First Amended Complaint contains a legal conclusion that Defendant is not required to admit or deny.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff has a boarding school.  Defendant does not know what specific services Plaintiff provides to persons Plaintiff serves.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.    Paragraph 42 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny.  Defendant admits that the rules include provisions concerning background checks.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

## "1.    Compelled Notification Procedures"

43.    Paragraph 43 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §§210.1259.2 and 210.1262 speak for themselves and Defendant denies all allegations not in conformance with the statutes.  The emergency rule 13 CSR 35-71.300 expired on March 29, 2022.  The original rule 13 CSR 35-71.300 became effective on March 30, 2022.  The original rule 13 CSR 35-71.300 speaks for itself and Defendant denies all allegations not in conformance with the regulation.

44.    Paragraph 44 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.1264 speaks for itself and Defendant denies all allegations not in conformance with the statute.  13 CSR 35-71.300 speaks for itself and Defendant denies all allegations not in conformance with the regulation.

45.    Paragraph 45 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §§210.1268 and 210.1271 speak for themselves and Defendant denies all allegations not in conformance with the statutes.

## "2.    Required Background Checks"

46.    Paragraph 46 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny.

Defendant admits that Paragraph 46 of Plaintiff's First Amended Complaint accurately quotes the language of Mo. Rev. Stat. §210.1263.  Mo. Rev. Stat. §§210.493 and 210.1263 speak for themselves and Defendant denies all allegations not in conformance with the statutes.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47.   Paragraph 47 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.    Paragraph 48 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §§210.493 and 210.1263 speak for themselves and Defendant denies all allegations not in conformance with the statutes.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in the third sentence of Paragraph 48 of Plaintiff's First Amended Complaint and therefore denies the same.

49.     Defendant admits that Paragraph 49 of Plaintiff's First Amended Complaint accurately quotes the language of Mo. Rev. Stat. §210.493.3.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint.

50.     Paragraph 50 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.     Paragraph 51 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.1283 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52.     Paragraph 52 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. The language of Paragraph 52 of the First Amended Complaint contains an accurate quote from Mo. Rev. Stat. §210.493.11.  Mo. Rev. Stat. §210.493

speaks for itself and Defendant denies all allegations not in conformance with the statute.   To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53.   Paragraph 53 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint and therefore denies the same.

54.   Paragraph 54 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. *Jamison v. Dep't of Soc. Servs.*, 218 S.W.3d 399 (Mo. banc 2007), speaks for itself.   Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in the second sentence of Paragraph 54 of Plaintiff's First Amended Complaint and therefore deny the same.

### "3.   Lack of Due Process

### a.   Claims of Abuse or Neglect"

55.   Paragraph 55 of Plaintiff's First Amended Complaint consists of a characterization of Mo. Rev. Stat. §210.143 that Defendant denies.   Mo. Rev.

Stat. §210.143 speaks for itself and Defendant denies all allegations not in conformance with the statute.

56.     Paragraph 56 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.143 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint.

57.     Paragraph 57 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.143 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint.

58.     Paragraph 58 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.143 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint.

59.     Paragraph 59 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.143 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint.

60.     Paragraph 60 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.143 and the Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286, speaks for themselves and Defendant denies all allegations not in conformance with the statutes.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint.

61.     Paragraph 61 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.143.4 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint.

62.      Paragraph 62 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny.

16

Mo. Rev. Stat. §210.143 speaks for itself and Defendant denies all allegations not in conformance with the statute.  The Department's regulations speak for themselves and Defendant denies all allegations not in conformance with the regulations.   To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint.

63.    Paragraph 63 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny and a characterization of Mo. Rev. Stat. §210.143 that Defendant denies. Defendant admits that the language of the block quote contained in Paragraph 63 of the First Amended Complaint accurately quotes Mo. Rev. Stat. §210.143.6.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint.

64.    Paragraph 64 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint.

**"b.    Background Check Ineligibility"**

65.    Paragraph 65 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny.

17

To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint.

66.   Paragraph 66 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Defendant admit that the Missouri Department of Social Services will not tell a facility or child placing agency the reason an applicant is found ineligible. Mo. Rev. Stat. §210.493.9 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint.

67.   Paragraph 67 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint.

68.   Paragraph 68 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. The allegations of the block quote contained in Paragraph 68 are not numbered in conformity with 13 CSR 35-71.015(12)(B)E, but accurately quote the language of 13 CSR 35-71.015(12)(B)E.3 through E.8.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

18

69.     Paragraph 69 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493.12 speaks for itself and Defendant denies all allegations not in conformance with the statute.  13 CSR 35-71.015(12) speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint.

70.     Paragraph 70 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny.  A "person who is aggrieved by a decision of the division under" 13 CSR 35-71.015 may appeal as provided in 13 CSR 35-71.015(12). *See* 13 CSR 35-71.015(12)(A), (C); *see* Mo. Rev. Stat. §210.493.12.   The statute and regulation speak for themselves and Defendant denies all allegations not in conformance therewith.

71.     Paragraph 71 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny and a characterization of 13 CSR 35-71.015 that Defendant denies.  Paragraph 71 of Plaintiff's First Amended Complaint accurately quotes language from the emergency rule 13 CSR 35-71.015, which expired on March 29, 2022.  The original rule 13 CSR 35-71.015, which became effective on March 30, 2022, speaks for itself, and Defendant denies all allegations not in conformance with

the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint.

72.    Paragraph 72 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. 13 CSR 35-71.015(12)(C)E.6 speaks for itself and Defendant denies all allegations not in conformance with the regulation. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73.    Paragraph 73 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Defendant admit that Paragraph 73 of Plaintiff's First Amended Complaint accurately quotes the language of 13 CSR 35-71.015(12)(D).  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint.

74.    Paragraph 74 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §536.150 speaks for itself and Defendant denies all allegations not in conformance with the statute.  Defendant admit that the block quote contained in Paragraph 74 of Plaintiff's First Amended Complaint accurately quotes the language of Mo. Rev. Stat. §536.150.1.  To the extent a further

20

response is required Defendant denies the remaining allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint.

75.     Paragraph 75 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint.

76.     Paragraph 76 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint.

## "Count I

## Violation of Federal Privacy Laws"

77.     As to Paragraph 77 of Plaintiff's First Amended Complaint, Defendant admits and denies Paragraphs 1 through 76 of Plaintiff's First Amended Complaint in accordance with Defendant's answers as if set forth herein.

78.     Defendant admits on information and belief that Plaintiff is a Missouri nonprofit corporation.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning the number of employees Plaintiff has, the specific services provided by Plaintiff, or who specifically receives services provided by Plaintiff.  To the extent a

further response is required, Defendant denies the remaining allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint.

79.    Paragraph 79 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint.

80.    Paragraph 80 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint.

81.    Paragraph 81 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint and therefore denies the same.

82.    Paragraph 82 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. 42 C.F.R. §§2.12 and 2.13 speak for themselves and Defendant denies all allegations not in conformance with the regulation.  The third sentence of Paragraph 82 of Plaintiff's First Amended Complaint appears to refer to the definition of the term "person" in 42 C.F.R. §2.11.  To the extent a further

response is required Defendant denies the remaining allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint.

83.     Paragraph 83 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Defendant admits that Mo. Rev. Stat. §210.1262 is part of the Residential Care Facility Notification Act.   Mo. Rev. Stat. §210.1262 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84.     Paragraph 84 of the First Amended Complaint consists of a legal conclusion that Defendant is not required to admit or deny.  Mo. Rev. Stat. §210.1259 speaks for itself and Defendant denies all allegations not in conformance with the statute.

85.     Defendant admits the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint.

86.     Paragraph 86 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.1271 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendants denies the remaining allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint.

87.    Paragraph 87 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.   To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint.

88.    Paragraph 88 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint.

89.    Paragraph 89 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Defendant admits that Paragraph 89 of Plaintiff's First Amended Complaint contains an accurate quote from *United States v. Cresta*, 825 F.2d 538, 552 (1st Cir. 1987).   The opinion speaks for itself.   To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 89 of Plaintiff's First Amended Complaint.

90.    Paragraph 90 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. The language quoted in the first sentence of Paragraph 90 of Plaintiff's First Amended Complaint is taken out of context of the full sentence of page 388 of

the article *Confidentiality of Alcohol and Other Drug Abuse Treatment Information for Emergency Department and Trauma Center Patients* from which it is taken.  The Vermont Supreme Court's *In re B.S.* opinion, 659 A.2d 1137 (Vt. 1995), speaks for itself.  *Whyte v. Conn. Mut. Life Ins. Co.*, 818 F.2d 1005, 1010 (1st Cir. 1987), speaks for itself.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint.

91.     Paragraph 91 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Defendant admits that Paragraph 91 of Plaintiff's First Amended Complaint contains accurate quotes from *Ellison v. Cocke County,* 63 F.3d 467, 471 (6th Cir. 1995), and *United States ex rel. Chandler v. Cook County,* 277 F.3d 969, 981 (7th Cir. 2002).  The opinions speak for themselves.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint.

92.     Paragraph 92 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Defendant admits that Paragraph 92 of Plaintiff's First Amended Complaint accurately quotes a portion of 42 C.F.R. §2.20.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint.

93.     Paragraph 93 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Judge White's December 20, 2017, order in *In re Employment Records of John Does Employed by Sharpe Holdings*, E.D. Mo. Case No. 4:17MC238RLW speaks for itself.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint.

94.     Paragraph 94 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 94 of Plaintiff's First Amended Complaint.

## "Count II"

## "Violation of Plaintiff's Right of Expressive Association"

95.     As to Paragraph 95 of Plaintiff's First Amended Complaint, Defendant admits and denies Paragraphs 1 through 94 of Plaintiff's First Amended Complaint in accordance with Defendant's answers as if set forth herein.

96.     Defendant admits the allegations contained in the first sentence of Paragraph 96 of Plaintiff's First Amended Complaint.  Paragraph 96 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny.  *Roberts v. United States Jaycees*,

468 U.S. 609 (1984), speaks for itself.  To the extent a response is required Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of Plaintiff's First Amended Complaint and therefore denies the same.

97.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's First Amended Complaint and therefore denies the same.

98.   Paragraph 98 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.1262 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint.

99.   Mo. Rev. Stat. §210.1259.2 speaks for itself and Defendant denies all allegations not in conformance with the statute.  The emergency rule 13 CSR 35-71.300 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 99 of Plaintiff's First Amended Complaint.

100.  Paragraph 100 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or

deny and a characterization of Mo. Rev. Stat. §210.1271 that Defendant denies. The Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286, speaks for itself and Defendant denies all allegations not in conformance with the statute. The Department's rules speak for themselves and Defendants deny all allegations not in conformance with the regulations. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 100 of Plaintiff's First Amended Complaint.

101.   Paragraph 101 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Defendant admits that Paragraph 101 of Plaintiff's First Amended Complaint contains accurate quotes from *Ellison v. Cocke County,* 63 F.3d 467, 471 (6th Cir. 1995), and *United States ex rel. Chandler v. Cook County,* 277 F.3d 969, 981 (7th Cir. 2002). The opinions speak for themselves. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint.

102.   Paragraph 102 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations

contained in Paragraph 102 of Plaintiff's First Amended Complaint and therefore denies the same.

103.   Paragraph 103 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 103 of Plaintiff's First Amended Complaint.

104.   Paragraph 104 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny.   Defendant admits that the block quote in Paragraph 104 of Plaintiff's First Amended Complaint accurately quotes the language of Mo. Rev. Stat. §210.1263.  Mo. Rev. Stat. §§210.493 and 210.1263 speak for themselves and Defendant denies all allegations not in conformance with the statutes.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 104 of Plaintiff's First Amended Complaint.

105.   Paragraph 105 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny.  Defendant admits that background checks are required of "other support staff" of residential care facilities. Mo Rev. Stat. §210.1263.  13 CSR 35-71.015

speaks for itself and Defendant denies all allegations not in conformance with the regulation. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of Plaintiff's First Amended Complaint and therefore denies the same.

106.   Paragraph 106 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo Rev. Stat. §§210.493 and 210.1283 speak for themselves and Defendant denies all allegations not in conformance with the statutes. 13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 106 of Plaintiff's First Amended Complaint.

107.   Paragraph 107 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny and a characterization that Defendant denies. The results of an applicant's background check determine whether the applicant "is eligible or ineligible for employment or presence at the residential care facility subject to the notification requirements of sections 210.1250 to 210.1286." Mo. Rev. Stat. §210.493.10. Mo. Rev. Stat. §210.493.11 provides in part that "An applicant shall be ineligible if the applicant… (5) Has pled guilty or nolo contendere to

or been found guilty of: … (k) A felony drug-related offense committed during the preceding five years[.]…" Mo. Rev. Stat. §210.493.11(5)(k).  Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.

108.   Paragraph 108 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny and incorporates from Paragraph 7 of the First Amended Complaint a characterization of Mo. Rev. Stat. §210.493 that Defendant denies.  Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.

109.   Paragraph 109 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny.  Defendant admits that, under Mo. Rev. Stat. §210.493.11, an applicant is ineligible if the applicant "(5) Has pled guilty or nolo contendere to or been found guilty of: … (k) A felony drug-related offense committed during the preceding five years[.]…" Mo. Rev. Stat. §210.493.11(5)(k).  To the extent a response is required Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 109 of Plaintiff's First Amended Complaint and therefore denies the same.

31

110.   Paragraph 110 of Plaintiff's First Amended Complaint contains a legal conclusion that Defendant is not required to admit or deny.  Defendant admits that background checks are required of other support staff of residential care facilities. Mo. Rev. Stat. §210.1263; 13 CSR 35-71.015(1)(A)(1). The Department's definition of "other support staff" can be found in 13 CSR 35-71.015(1)(L).  Defendant admits that lawyers and accountants may fall within that definition.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of Plaintiff's First Amended Complaint and therefore denies the same.

111.   Paragraph 111 of Plaintiff's First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny.  *NAACP v. Alabama*, 357 U.S. 449 (1958); *Bates v. City of Little Rock*, 361 U.S. 516 (1960); *Gibson v. Florida Legislative Investigation Comm.*, 372 U.S. 539 (1963); and *Louisiana ex rel. Gremillion v. NAACP*, 366 U.S. 293 (1961) speak for themselves.

112.   Paragraph 112 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.  The regulations speak for themselves and Defendant denies all allegations not in conformance with the regulations.  To

the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 112 of Plaintiff's First Amended Complaint.

113.   Defendant admits the allegations contained in Paragraph 113 of Plaintiff's First Amended Complaint.

114.   Paragraph 114 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 114 of Plaintiff's First Amended Complaint.

115.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  Defendant denies the allegations contained in Paragraph 115 of Plaintiff's First Amended Complaint.

116.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  Defendant denies the allegations contained in Paragraph 116 of Plaintiff's First Amended Complaint.

117.   Paragraph 117 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.  Defendant admit that 2021 House Bills 557 and 560 do not contain a definition of "contractor."  Defendant admits that 13 CSR 35-71.010 and 71.015 do not define "contractor."  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 117 of Plaintiff's First Amended Complaint.

118.   Paragraph 118 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. The term "volunteer" is defined in 13 CSR 71.015(1)(M).  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 118 of Plaintiff's First Amended Complaint.

119.   Paragraph 119 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining

allegations contained in Paragraph 119 of Plaintiff's First Amended Complaint.

120.   Paragraph 120 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 120 of Plaintiff's First Amended Complaint.

121.   Paragraph 121 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 121 of Plaintiff's First Amended Complaint.

## "Count III

## Procedural Due Process"

122.   As to Paragraph 122 of Plaintiff's First Amended Complaint, Defendant admits and denies Paragraphs 1 through 121 of Plaintiff's First Amended Complaint in accordance with Defendant's answers as if set forth herein.

123.   Paragraph 123 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining

allegations contained in Paragraph 123 of Plaintiff's First Amended Complaint.

124.   Paragraph 124 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 124 of Plaintiff's First Amended Complaint.

125.   Paragraph 125 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. *Heartland Academy Community Church v. Waddle*, 317 F.Supp.2d 984 (E.D. Mo. 2004), and *Heartland Academy Community Church v. Waddle*, 427 F.3d 525 (8th Cir. 2005), speak for themselves.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 125 of Plaintiff's First Amended Complaint.

126.   Paragraph 126 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 126 of Plaintiff's First Amended Complaint.

127.   Paragraph 127 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny.

To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 127 of Plaintiff's First Amended Complaint.

128.   Paragraph 128 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation. Further answering, Defendant affirmatively states that the Department of Social Services will not use a finding in Missouri's central registry to find an applicant ineligible for presence or employment at a residential care facility or child placing agency unless or until the finding is final and the finding (a) has been substantiated by a court adjudication, by at least a preponderance of the evidence standard; (b) the finding has been upheld by a preponderance of the evidence standard; (c) the applicant has waived administrative review or judicial review of the finding; or (d) the applicant has been found guilty of or pleaded guilty to an offense enumerated in sections 210.110(3) or 210.118 RSMo.

129.   Paragraph 129 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining

allegations contained in Paragraph 129 of Plaintiff's First Amended Complaint.

130.   Paragraph 130 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. The Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286, speaks for itself and Defendant denies all allegations not in conformance with the statutes.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 130 of Plaintiff's First Amended Complaint.

131.   Paragraph 131 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 131 of Plaintiff's First Amended Complaint.

## "Count IV

## Parental Rights"

132.  As to Paragraph 132 of Plaintiff's First Amended Complaint, Defendant admits and denies Paragraphs 1 through 131 of Plaintiff's First Amended Complaint in accordance with Defendant's answers as if set forth herein.

133.   Paragraph 133 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 133 of Plaintiff's First Amended Complaint.

134.   Paragraph 134 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 134 of Plaintiff's First Amended Complaint.

135.   Paragraph 135 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 135 of Plaintiff's First Amended Complaint.

136.   Paragraph 136 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. *Pierce v. Soc'y of Sisters of the Holy Names of Jesus and Mary*, 268 U.S. 510 (1925), speaks for itself.   To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 136 of Plaintiff's First Amended Complaint.

137.   Paragraph 137 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 137 of Plaintiff's First Amended Complaint.

138.   Paragraph 138 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 138 of Plaintiff's First Amended Complaint.

139.   Paragraph 139 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 139 of Plaintiff's First Amended Complaint.

## "Count V

## The *Hosanna-Tabor* Ministerial Exception"

140.   As to Paragraph 140 of Plaintiff's First Amended Complaint, Defendant admits and denies Paragraphs 1 through 139 of Plaintiff's First Amended Complaint in accordance with Defendant's answers as if set forth herein.

141.   Paragraph 141 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint.

142.   Paragraph 142 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 142 of Plaintiff's First Amended Complaint.

143.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiff's First Amended Complaint and therefore denies the same.

144.   Paragraph 144 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. The Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286, speaks for itself and Defendant denies all allegations not in conformance with the statutes.   The Department's regulations speak for themselves and Defendant deny all allegations not in conformance with the regulations.  *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171 (2012) speaks for itself.   To the extent a further response is

required Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 144 of Plaintiff's First Amended Complaint and therefore denies the same.

145.   Paragraph 145 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or denies. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.  The regulations speak for themselves and Defendant denies all allegations not in conformance with the regulations.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 145 of Plaintiff's First Amended Complaint.

146.   Defendant admits the allegations contained in Paragraph 146 of Plaintiff's First Amended Complaint.

147.   Paragraph 147 of the First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 147 of Plaintiff's First Amended Complaint.

148.   13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  Defendant denies the allegations contained in Paragraph 148 of Plaintiff's First Amended Complaint.

149.   Paragraph 149 of Plaintiff's First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 149 of Plaintiff's First Amended Complaint.

150.   Paragraph 150 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations not in conformance with the statute.  Defendant admits that 2021 House Bills 557 and 560 do not contain a definition of "contractor."  Defendant admits that 13 CSR 35-71.010 and 71.015, do not define "contractor."  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 150 of Plaintiff's First Amended Complaint.

151.   Paragraph 151 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. The term "volunteer" is defined in 13 CSR 71.015(1)(M).  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 151 of Plaintiff's First Amended Complaint.

152.   Paragraph 152 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 152 of Plaintiff's First Amended Complaint.

153.   Paragraph 153 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 153 of Plaintiff's First Amended Complaint.

## "Count VI

## Illegal Search and Seizure"

154.   As to Paragraph 154 of Plaintiff's First Amended Complaint, Defendant admits and denies Paragraphs 1 through 153 of Plaintiff's First

Amended Complaint in accordance with Defendant's answers as if set forth herein.

155.   Paragraph 155 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 155 of Plaintiff's First Amended Complaint.

156.   Paragraph 156 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 156 of Plaintiff's First Amended Complaint.

### "Count VII

### Procedural Due Process/Federal Supremacy"

157.   As to Paragraph 157 of Plaintiff's First Amended Complaint, Defendant admits and denies Paragraphs 1 through 153 of Plaintiff's First Amended Complaint in accordance with Defendant's answers as if set forth herein.

158.   Paragraph 158 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations

not in conformance with the statute.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 158 of Plaintiff's First Amended Complaint.

159.   Paragraph 159 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. 13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 159 of Plaintiff's First Amended Complaint.

160.   Paragraph 160 of Plaintiff's First Amended Complaint contains legal conclusions and arguments that Defendant is not required to admit or deny.  Defendant admits that background checks are required of "other support staff" of residential care facilities. Mo Rev. Stat. §210.1263.  13 CSR 35-71.015 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  34 U.S.C. §40102 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 160 of Plaintiff's First Amended Complaint.

161.   Paragraph 161 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.493 speaks for itself and Defendant denies all allegations

46

not in conformance with the statute.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 161 of Plaintiff's First Amended Complaint.

162.   Paragraph 162 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo Rev. Stat. §§210.493 and 210.1283 speak for themselves and Defendant denies all allegations not in conformance with the statutes.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 162 of Plaintiff's First Amended Complaint.

163.   Paragraph 163 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. Mo. Rev. Stat. §210.1283 speaks for itself and Defendant denies all allegations not in conformance with the statute.  To the extent a response is required Defendant denies the remaining allegations contained in Paragraph 163 of Plaintiff's First Amended Complaint.

164.   Paragraph 164 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. 13 CSR 35-71.015 speaks for itself, and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 164 of Plaintiff's First Amended Complaint.

165.   Paragraph 165 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. 28 C.F.R. §50.12 speaks for itself and Defendant denies all allegations not in conformance with the regulation.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 165 of Plaintiff's First Amended Complaint.

166.   Paragraph 166 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. 2021 House Bills 557 and 560 speak for themselves and Defendant denies all allegations not in conformance with the bills.  To the extent a further response is required Defendant denies the remaining allegations contained in Paragraph 166 of Plaintiff's First Amended Complaint.

167.   Paragraph 167 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 167 of Plaintiff's First Amended Complaint.

168.   Paragraph 168 of the First Amended Complaint consists of legal conclusions and arguments that Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the remaining

allegations contained in Paragraph 168 of Plaintiff's First Amended Complaint.

169.   Defendant denies each and every allegation of Plaintiff's First Amended Complaint not herein admitted.

## Affirmative and Other Defenses

170.   Plaintiff has failed to state a claim upon which relief can be granted.  Therefore this case should be dismissed under Rule 12(b)(6).

171.   Count I fails to state a claim upon which relief can be granted because neither Mo. Rev. Stat. §210.1262 nor rules adopted by the Missouri Department of Social Services that apply to License Exempt Residential Care Facilities (LERCFs) require Plaintiff to violate federal law.

172.   Count I fails to state a claim upon which relief can be granted because 42 U.S.C. §290dd-2 does not create a private right of action.

173.   Count V fails to state a claim upon which relief can be granted because the ministerial exception is an affirmative defense.

174.   Plaintiff lacks standing to bring procedural due process claims on behalf of individual members of its association.

## Jury Demand

175.   Defendant demand a jury on all issues triable by a jury.

## **Prayer for Relief**

For the reasons stated hereinabove, Defendant requests that the Court order judgment in its favor, award it its costs and expenses, and for such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

/s/ *Emily A. Dodge*
Kaleb Gregory, #72821
*Assistant Solicitor General*
815 Olive Street, Suite 200
St. Louis, MO 63101
Tel: (314) 340-7846
Fax: (573) 751-0774
Kaleb.Gregory@ago.mo.gov

Emily A. Dodge, Mo Bar #53914
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102-0899
Tel: (573) 751-7344
Fax: (573) 751-9456
Email: Emily.Dodge@ago.mo.gov
ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of March, 2022, the foregoing was filed and served via the Court's electronic filing system upon all counsel of record.

/s/ *Emily A. Dodge*
Emily A. Dodge
Assistant Attorney General

51