**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| CNS INTERNATIONAL MINISTRIES, INC., ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:21-cv-00065 |
| ROBERT KNODELL, Acting Director of ) the Missouri Department of Social ) Services, ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Robert Knodell, as Acting Director of the Missouri Department of Social Services, respectfully moves this Court for judgment on the pleadings according to Rule 12(c) of the Federal Rules of Civil Procedure.

A motion for judgment on the pleadings may be filed after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). In this case, the pleadings closed on February 16, 2022, and the Court granted Plaintiff leave to file an amended complaint on March 17, 2022. Doc. 22. Trial is set for March 20, 2023. Thus, this motion will not affect the trial date. For the reasons stated in Defendant's Memorandum in Support, Defendant Robert Knodell, Acting Director of the Missouri Department of Social Services, requests that this Court enter judgment on the pleadings.

The Court should dismiss Count I because CNS can comply with the notification requirements without providing patient records or otherwise labeling any individual as a patient.

The Court should dismiss Count II because the challenged laws do not compel or prohibit membership in CNS as an association.

1

The Court should dismiss Count III because the challenged regulations provide sufficient process when they require up to two opportunities to be promptly heard at a meaningful time in a meaningful manner following child removal by *ex parte* order.

The Court should dismiss Count IV because the challenged state laws do not infringe on parental rights in that they do not mandate public school attendance or interfere with the curriculum of a religious school.

The Court should dismiss Count V because the Court lacks subject matter jurisdiction to consider this affirmative defense, or alternatively, the Court should decline to issue a declaratory judgment for prudential reasons.

The Court should dismiss Count VI because the challenged laws do not require the Department to violate the Fourth Amendment rights of CNS or its members.

The Court should dismiss Count VII because CNS and its members do not have a right of action to enforce the cited federal law, the law does not require the Department to act as CNS alleges, and applicants have ample opportunity to supplement or correct the record according to the federal policy.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

/s/ *Kaleb D. Gregory*
Kaleb D. Gregory, Missouri Bar 72821
    *Assistant Solicitor General*
815 Olive Street, Suite 200
St. Louis, MO  63101
(314) 340-7846
(573) 751-0774 (facsimile)
Kaleb.Gregory@ago.mo.gov
*Attorney for Defendant*

2

**CERTIFIATE OF SERVICE**

    I hereby certify that on the 13th day of April, 2022, the foregoing was filed and served via the Court's electronic filing system upon all counsel of record.

                                               /s/ *Kaleb D. Gregory*
                                               Kaleb D. Gregory
                                               Assistant Attorney General