FIRST REGULAR SESSION

[PERFECTED]

HOUSE COMMITTEE SUBSTITUTE FOR

# HOUSE BILL NOS. 557 & 560

## 101ST GENERAL ASSEMBLY

1354H.02P                                                                                              DANA RADEMAN MILLER, Chief Clerk

## AN ACT

To amend chapter 210, RSMo, by adding thereto sixteen new sections relating to the protection of children, with penalty provisions and an emergency clause.

*Be it enacted by the General Assembly of the state of Missouri, as follows:*

  Section A.  Chapter 210, RSMo, is amended by adding thereto sixteen new sections, to
2  be known as sections 210.143, 210.493, 210.1250, 210.1253, 210.1256, 210.1259, 210.1262,
3  210.1263, 210.1264, 210.1265, 210.1268, 210.1271, 210.1274, 210.1280, 210.1283, and
4  210.1286, to read as follows:

  **210.143. 1. The children's division; law enforcement, including the state technical**
2  **assistance team; or prosecuting attorney may petition the circuit court for an order**
3  **directing an exempt-from-licensure residential care facility, as those terms are defined**
4  **under section 210.1253, that is the subject of an investigation of child abuse or neglect to**
5  **present the child at a place and time designated by the court to a children's division worker**
6  **for an assessment of the child's health, safety, and well-being.**
7    **2.  The court shall enter an order under this section if:**
8    **(1)  The court determines that there is reasonable suspicion to suspect that the child**
9  **has been abused or neglected and the residential care facility does not voluntarily provide**
10  **access to the child;**
11    **(2)  The assessment is reasonably necessary for the completion of an investigation**
12  **or the collection of evidence; and**
13    **(3)  Doing so is in the best interest of the child.**

EXPLANATION — Matter enclosed in bold-faced brackets **[**thus**]** in the above bill is not enacted and is intended to be omitted from the law. Matter in **bold-face** type in the above bill is proposed language.

HCS HBs 557 & 560                                              2

14      **3. If the court enters an order to produce the child under this section, the court may**
15  **expand the order to produce other children in the care of the residential care facility upon**
16  **a reasonable suspicion that such children may have been abused or neglected.**
17      **4. The petition and order may be made on an ex parte basis if it is reasonable to**
18  **believe that providing notice may place the child at risk for further abuse or neglect, if it**
19  **is reasonable to believe that providing notice may cause the child to be removed from the**
20  **state of Missouri or the jurisdiction of the court, or if it is reasonable to believe that**
21  **evidence relevant to the investigation will be unavailable if the ex parte order is not**
22  **entered.**
23      **5. Any person served with a subpoena, petition, or order under this section shall**
24  **not be required to file an answer, but may file a motion for a protective order or other**
25  **appropriate relief.  The motion shall be filed at or before the time for production or**
26  **disclosure set out in the subpoena or order.  The motion shall be in writing, but it may be**
27  **informal and no particular form shall be required.  The clerk shall serve a copy of the**
28  **motion on the director of the children's division and any agency who applied for the order.**
29  **The court shall expedite a hearing on the motion and shall issue its decision no later than**
30  **one business day after the date the motion is filed.  The court may review the motion in**
31  **camera and stay implementation of the order once for up to three days.  The in camera**
32  **review shall be conducted on the record, but steps shall be taken to protect the identity of**
33  **the child.  Any information that may reveal the identity of a hotline reporter shall not be**
34  **disclosed to anyone in any proceeding under this subsection unless otherwise allowed by**
35  **law.**
36      **6. The petition for an order under this section shall be filed in the juvenile or family**
37  **court that has judicial custody of the child under section 211.031 or in the circuit court of**
38  **the county:**
39      **(1)  Where the child resides;**
40      **(2)  Where the child may be found;**
41      **(3)  Where the residential care facility is located;**
42      **(4)  Where the alleged perpetrator of the child abuse or neglect resides or may be**
43  **found;**
44      **(5)  Where the subject of the subpoena may be located or found; or**
45      **(6)  Of Cole if none of the other venue provisions of this subsection apply.**
46      **7. The court shall expedite all proceedings under this section so as to ensure the**
47  **safety of the child, the preservation of relevant evidence, that child abuse and neglect**
48  **investigations may be completed within statutory time frames, and that due process is**
49  **provided to the parties involved.**

50      **8. Any person who knowingly violates this section shall be guilty of a class A**
51  **misdemeanor.**
52      **9. The time frames for the children's division to complete its investigation and**
53  **notify the alleged perpetrator of its decision set forth in sections 210.145, 210.152, and**
54  **210.183 shall be tolled from the date that the division files a petition for a subpoena until**
55  **the information is produced in full, until such subpoena is withdrawn, or until a court of**
56  **competent jurisdiction quashes such subpoena.**

     **210.493. 1. Officers, managers, contractors, volunteers with access to children,**
2  **employees, and other support staff of licensed residential care facilities and licensed child**
3  **placing agencies in accordance with sections 210.481 to 210.536; owners of such residential**
4  **care facilities who will have access to the facilities; and owners of such child placing**
5  **agencies who will have access to children shall submit fingerprints and any information**
6  **that the department requires to complete the background checks, as specified in**
7  **regulations established by the department, to the Missouri state highway patrol for the**
8  **purpose of conducting state and federal fingerprint-based background checks.**
9      **2. Officers, managers, contractors, volunteers with access to children, employees,**
10  **and other support staff of residential care facilities subject to the notification requirements**
11  **under sections 210.1250 to 210.1286; any person eighteen years of age or older who resides**
12  **at or on the property of such residential care facility; any person who has unsupervised**
13  **contact with a resident of the residential care facility; and owners of such residential care**
14  **facilities who will have access to the facilities shall submit fingerprints and any information**
15  **that the department requires to complete the background checks, as specified in**
16  **regulations established by the department, to the Missouri state highway patrol for the**
17  **purpose of conducting state and federal fingerprint-based background checks.**
18      **3. A background check shall include:**
19      **(1) A Federal Bureau of Investigation fingerprint check;**
20      **(2) A search of the National Crime Information Center's National Sex Offender**
21  **Registry; and**
22      **(3) A search of the following registries, repositories, or databases in Missouri, the**
23  **state where the applicant resides, and each state where such applicant resided during the**
24  **preceding five years:**
25      **(a) The state criminal registry or repository, with the use of fingerprints being**
26  **required in the state where the applicant resides and optional in other states;**
27      **(b) The state sex offender registry or repository;**
28      **(c) The state family care safety registry; and**
29      **(d) The state-based child abuse and neglect registry and database.**

30   4. For the purposes this section and notwithstanding any other provision of law,
31   "department" means the department of social services.
32   5. The department shall be responsible for background checks as part of a
33   residential care facility or child placing agency application for licensure, renewal of
34   licensure, or for license monitoring.
35   6. The department shall be responsible for background checks for residential care
36   facilities subject to the notification requirements of sections 210.1250 to 210.1286.
37   7. Fingerprint cards and any required fees shall be sent to the Missouri state
38   highway patrol's central repository. The fingerprints shall be used for searching the state
39   criminal records repository and shall also be forwarded to the Federal Bureau of
40   Investigation for a federal criminal records search under section 43.540. The Missouri
41   state highway patrol shall notify the department of any criminal history record
42   information or lack of criminal history record information discovered on the individual.
43   Notwithstanding the provisions of section 610.120, all records related to any criminal
44   history information discovered shall be accessible and available to the department.
45   8. Fingerprints submitted to the Missouri state highway patrol for the purpose of
46   conducting state and federal fingerprint-based background checks under this section shall
47   be valid for a period of five years.
48   9. The department shall provide the results of the background check to the
49   applicant in a statement that indicates whether the applicant is eligible or ineligible for
50   employment or presence at the licensed residential care facility or licensed child placing
51   agency. The department shall not reveal to the residential care facility or the child placing
52   agency any disqualifying offense or other related information regarding the applicant. The
53   applicant shall have the opportunity to appeal an ineligible finding.
54   10. The department shall provide the results of the background check to the
55   applicant in a statement that indicates whether the applicant is eligible or ineligible for
56   employment or presence at the residential care facility subject to the notification
57   requirements of sections 210.1250 to 210.1286. The department shall not reveal to the
58   residential care facility any disqualifying offense or other related information regarding
59   the applicant. The applicant shall have the opportunity to appeal an ineligible finding.
60   11. An applicant shall be ineligible if the applicant:
61   (1) Refuses to consent to the background check as required by this section;
62   (2) Knowingly makes a materially false statement in connection with the
63   background check as required by this section;
64   (3) Is registered, or is required to be registered, on a state sex offender registry or
65   repository or the National Sex Offender Registry;

  **(4)  Is listed as a perpetrator of child abuse or neglect under sections 210.109 to 210.183 or any other finding of child abuse or neglect based on any other state's registry or database; or**

  **(5)  Has pled guilty or nolo contendere to or been found guilty of:**

  **(a)  Any felony for an offense against the person as defined in chapter 565;**

  **(b)  Any other offense against the person involving the endangerment of a child as prescribed by law;**

  **(c)  Any misdemeanor or felony for a sexual offense as defined in chapter 566;**

  **(d)  Any misdemeanor or felony for an offense against the family as defined in chapter 568;**

  **(e)  Burglary in the first degree as defined in section 569.160;**

  **(f)  Any misdemeanor or felony for robbery as defined in chapter 570;**

  **(g)  Any misdemeanor or felony for pornography or related offense as defined in chapter 573;**

  **(h)  Any felony for arson as defined in chapter 569;**

  **(i)  Any felony for armed criminal action as defined in section 571.015, unlawful use of a weapon as defined in section 571.030, unlawful possession of a firearm as defined in section 571.070, or the unlawful possession of an explosive as defined in section 571.072;**

  **(j)  Any felony for making a terrorist threat as defined in section 574.115, 574.120, or 574.125;**

  **(k)  A felony drug-related offense committed during the preceding five years; or**

  **(l)  Any similar offense in any federal, state, or other court of similar jurisdiction of which the department has knowledge.**

  **12.  Any person aggrieved by a decision of the department shall have the right to seek an administrative review.  The review shall be filed with the department within fourteen days from the mailing of the notice of ineligibility.  Any decision not timely appealed shall be final.**

  **13.  Any required fees shall be paid by the individual applicant, facility, or agency.**

  **14.  The department is authorized to promulgate rules, including emergency rules, to implement the provisions of this section.  Any rule or portion of a rule, as that term is defined in section 536.010, that is created under the authority delegated in this section shall become effective only if it complies with and is subject to all of the provisions of chapter 536 and, if applicable, section 536.028.  This section and chapter 536 are nonseverable, and if any of the powers vested with the general assembly pursuant to chapter 536 to review, to delay the effective date, or to disapprove and annul a rule are subsequently held**

101  unconstitutional, then the grant of rulemaking authority and any rule proposed or adopted
102  after the effective date of this section, shall be invalid and void.

   210.1250. Sections 210.1250 to 210.1286 shall be known and may be cited as the
2  "Residential Care Facility Notification Act".

   210.1253. As used in sections 210.1250 to 210.1286, unless the context clearly
2  provides otherwise, the following terms mean:
3     (1) "Child", a person who is under eighteen years of age;
4     (2) "Department", the department of social services, or the children's division
5  within the department of social services, as determined by the department;
6     (3) "Director", a person who is responsible for the operation of the residential care
7  facility;
8     (4) "Exempt-from-licensure" or "license-exempt", a residential care facility that
9  is not required to be licensed under section 210.516;
10    (5) "Person", an individual, partnership, organization, association, or corporation;
11    (6) "Residential care facility", any place, facility, or home operated by any person
12 who receives children who are not related to the operator and whose parent or guardian
13 is not a resident of the same facility and that provides such children with supervision, care,
14 lodging, and maintenance for twenty-four hours a day, with or without transfer of custody.

   210.1256. 1. The department shall be the notification agency for all license-exempt
2  residential care facilities, and the department shall fulfill the duties and responsibilities of
3  the provisions of sections 210.1250 to 210.1286.
4     2. A residential care facility shall allow parents or guardians of children in the
5  residential care facility unencumbered access to the children in the residential care facility
6  without requiring prior notification to the residential care facility.
7     3. A residential care facility shall provide for adequate food, clothing, shelter,
8  medical care, and other care necessary to provide for the child's physical, mental, or
9  emotional health or development.

   210.1259. 1. The director of any residential care facility shall provide the required
2  notification in accordance with sections 210.1250 to 210.1286 before such operator shall
3  accept any children.
4     2. All residential care facilities operating on the effective date of sections 210.1250
5  to 210.1286 shall register accordingly within three months after the effective date of
6  sections 210.1250 to 210.1286.
7     3. The provisions of sections 210.1250 to 210.1286 shall not apply to any residential
8  care facility that is already licensed so long as the license, registration, or monitoring under

9  which such facility already operates requires of that facility all requirements provided
10 under sections 210.1250 to 210.1286.

210.1262. The notification shall be filed by the director or his or her designee of the
2 residential care facility to the department on forms provided by the department and shall
3 contain the following information:
4   (1) Name, street address, mailing address, and phone number of the residential care
5 facility;
6   (2) Name of the director, owner, operator, all staff members, volunteers, and any
7 individual eighteen years of age or older who resides at or on the property of the residential
8 care facility;
9   (3) Name and description of the agency or organization operating the residential
10 care facility, including a statement as to whether the agency or organization is
11 incorporated;
12  (4) Name and address of the sponsoring organization of the residential care facility,
13 if applicable;
14  (5) School or schools attended by the children served by the residential care facility;
15  (6) Fire and safety inspection certificate;
16  (7) Local health department inspection certificate; and
17  (8) Proof that medical records are maintained for each child.

210.1263. Officers, managers, contractors, volunteers with access to children,
2 employees, and other support staff of residential care facilities subject to the notification
3 requirements under sections 210.1250 to 210.1286; any person eighteen years of age or
4 older who resides at or on the property of such residential care facility; any person who
5 has unsupervised contact with a resident of such residential care facility; and owners of
6 such residential care facilities who will have access to the facilities shall undergo
7 background checks under section 210.493.

210.1264. Upon request by the department or a law enforcement officer acting
2 within the scope of his or her employment, any license-exempt residential care facility
3 subject to the notification requirements of sections 210.1250 to 210.1286 shall provide a
4 full census and demographic information of children at the residential care facility,
5 including parental or other guardian contact information and a full list of officers,
6 managers, contractors, volunteers with access to children, employees, and other support
7 staff of the residential care facility; any person eighteen years of age or older who resides
8 at or on the property of the residential care facility; and any person who has unsupervised
9 contact with a resident of the residential care facility.

Case: 2:21-cv-00065-RLW   Doc. #:  27-1   Filed: 04/13/22   Page: 8 of 10 PageID #: 288

HCS HBs 557 & 560                                                8

210.1265. The residential care facility shall comply with all fire, safety, health, and sanitation inspections as may be required by state law or local ordinance.

210.1268. When the department is advised or has reason to believe that any residential care facility is operating without proper notification in accordance with sections 210.1250 to 210.1286, it shall give the director of the residential care facility written notice by certified mail that such person shall file notification in accordance with sections 210.1250 to 210.1286 within thirty days after receipt of such notice, or the department may request a court injunction as provided under section 210.1271.

210.1271. 1. Notwithstanding any other remedy, the department, the prosecuting attorney of the county where the facility is located, or the attorney general may seek injunctive relief to cease the operation of the residential care facility and provide for the appropriate removal of the children from the residential care facility and placement in the custody of the parent or legal guardian or any other appropriate individual or entity in the discretion of the court, or refer the matter to the juvenile officer of the appropriate county for appropriate proceedings under chapter 211. Such action shall be brought in the circuit court of the county in which such residential care facility is located and shall be initiated only for the following violations:

(1) Providing supervision, care, lodging, or maintenance for any children in such facility without filing notification in accordance with sections 210.1250 to 210.1286;

(2) Failing to satisfactorily comply with all fire, safety, health, and sanitation inspections as may be required by state law or local ordinance and required under section 210.252;

(3) Failing to comply with background checks as required by section 210.493; or

(4) An immediate health, safety, or welfare concern for the children at the residential care facility.

2. The department may notify the attorney general of any case in which the department makes a referral to a juvenile officer for removal of a child from a residential care facility. The notification shall include any violations under subsection 1 of this section.

3. If the court refers the matter to a juvenile officer, the court may also enter an order placing a child in the emergency, temporary protective custody of the children's division within the department, as provided under this section, for a period of time not to exceed five days. Such placement shall occur only if the children's division certifies to the court that the children's division has a suitable, temporary placement for the child and the court makes specific, written findings that:

(1) It is contrary to the welfare of the child to remain in the residential care facility;

29          **(2) That the parent or legal guardian is unable or unwilling to take physical custody**
30  **of the child within that time; and**
31          **(3) There is no other temporary, suitable placement for the child.**
32
33  **If the parent or legal guardian of the child does not make suitable arrangements for the**
34  **custody and disposition of the child within five days of placement within the children's**
35  **division, the child shall fall under the original and exclusive jurisdiction of the juvenile**
36  **court under subdivision (1) or (2) of subsection 1 of section 211.031 and the juvenile officer**
37  **shall file a petition with the juvenile court for further proceedings. Under no circumstances**
38  **shall the children's division be required to retain care and custody of the child for more**
39  **than five days without an order from the juvenile court.**
40          **4. The provisions of sections 452.700 to 452.930 shall apply and the court shall**
41  **follow the procedures specified under section 452.755 for children who are placed at a**
42  **residential care facility and who are from another state or country or are under the**
43  **jurisdiction or authority of a court from another state.**
            **210.1274. Nothing in the statutes of Missouri shall give any governmental agency**
2   **jurisdiction or authority to regulate or attempt to regulate, control, or influence the form,**
3   **manner, or content of the religious curriculum, program, or ministry of a school or of a**
4   **facility sponsored by a church or religious organization.**
            **210.1280. The department shall maintain a list of all residential care facilities in**
2   **compliance with sections 210.1250 to 210.1286, and the list shall be provided upon request.**
3   **The list shall also include information regarding how a person may obtain information**
4   **about the nature and disposition of any substantiated child abuse or neglect reports at or**
5   **related to the residential care facility, as provided in section 210.150.**
            **210.1283. A person is guilty of a class B misdemeanor if such person subject to**
2   **background check requirements knowingly fails to complete a background check, as**
3   **described under sections 210.493 and 210.1263.**
            **210.1286. The department shall promulgate rules and regulations necessary for the**
2   **implementation of sections 210.1250 to 210.1286. Any rule or portion of a rule, as that**
3   **term is defined in section 536.010, that is created under the authority delegated in this**
4   **section shall become effective only if it complies with and is subject to all of the provisions**
5   **of chapter 536 and, if applicable, section 536.028.  This section and chapter 536 are**
6   **nonseverable, and if any of the powers vested with the general assembly pursuant to**
7   **chapter 536 to review, to delay the effective date, or to disapprove and annul a rule are**
8   **subsequently held unconstitutional, then the grant of rulemaking authority and any rule**

HCS HBs 557 & 560                                         10

9  **proposed or adopted after the effective date of sections 210.1250 to 210.1286 shall be**
10 **invalid and void.**

       Section B.  Because immediate action is necessary to protect children, section A of this
2  act is deemed necessary for the immediate preservation of the public health, welfare, peace, and
3  safety, and is hereby declared to be an emergency act within the meaning of the constitution, and
4  section A of this act shall be in full force and effect upon its passage and approval.

