# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

CNS INTERNATIONAL          )
MINISTRIES, INC.,          )
    Plaintiff,          )
  v.          )   Case No. 2:21-cv-00065
ROBERT KNODELL,          )
    Defendant.          )
                 )
                 )

## DEFENDANT'S SUGGESTIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNT I

Defendant, through counsel, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 4.1, moves the Court to grant summary judgment in his favor and against Plaintiff on Count I.  In Count I, Plaintiff seeks relief under 42 U.S.C. §290dd-2.

Count I presents discrete legal questions.  A statute that does not authorize a private right of action "will not support jurisdiction under [28 U.S.C.] §1331."  *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022).  This Court lacks subject matter jurisdiction over Count I because 42 U.S.C. §290dd-2 does not create or authorize a private right of action, *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999); *Ellison v. Cocke Cty.,* 63 F.3d 467, 470, 471 (6th Cir. 1995); *Laster v. CareConnect Health Inc.*, 852 Fed. Appx. 476, 478 (11th Cir. 2021); *Reynolds v. MU Health Care*, 2020 WL 4905545 at *2 (W.D. Mo. Aug. 20, 2020).

This Court does not have subject matter jurisdiction to entertain Count I based on the Amended Complaint's invocation of 28 U.S.C. §1343 (see Ct. Doc. 23 at 3, ¶6).  42 U.S.C. §290dd-2 does not create " 'enforceable rights, privileges or immunities,' " *Doe v. Broderick*, 225 F.3d 440, 447, 449 (4th Cir. 2000), *quoting Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 423 (1987), does not provide for "the protection of civil rights," *see* 28 U.S.C. §1343(a), and does not provide "for the equal rights of all citizens or persons within the jurisdiction of the United States[,]" 28 U.S.C. §1343(a)(3). Count I does not meet the jurisdictional criteria of 28 U.S.C. §1343(a).

Finally, the notification and background check requirements applicable to Plaintiff's LERCF do not require Plaintiff to disclose any records or information that is confidential under 42 U.S.C. §290dd-2.

## Summary Judgment Standard

Entry of summary judgment is appropriate when the movant has demonstrated that there is an absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In meeting this initial burden, a movant who would not bear the burden of proof at trial must only identify those parts of the record that demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Furthermore, if the movant would not bear the burden of proof at trial, then he is entitled to summary judgment if he shows that the non-

2

moving party has made an insufficient showing on an essential part of his claim. *Celotex Corp.*, 477 U.S. at 323. " 'The non-moving party may not rely on allegations or denials,' but rather 'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor on more than mere speculation or conjecture.' " *Carter v. Pulaski County Special Sch. Dist.*, 956 F.3d 1055, 1059 (8th Cir. 2020), *quoting Ball v. City of Lincoln, Neb.*, 870 F.3d 722, 727 (8th Cir. 2017) (cleaned up).

## ARGUMENT

This Court lacks subject matter jurisdiction over the claims asserted in Count I because 42 U.S.C. §290dd-2 does not provide a private right of action. The Amended Complaint invokes this Court's jurisdiction under 28 U.S.C. §§1343 and 1331. See Ct. Doc. 23 at 3 (¶6). "But, of course, jurisdictional statutes do not create private rights of action." *Ark. St. Conference NAACP v. Ark. Bd. of Apportionment*, 586 F.Supp.3d 893, 921 (E.D. Ark. 2022).

When the plaintiff "brings a claim under a federal statute that does not authorize a private right of action, the statute will not support jurisdiction under §1331." *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022). Count I brings a claim for relief under 42 U.S.C. §290dd-2, which establishes a criminal penalty for violations. *See* 42 U.S.C. §290dd-2(f); *Chapa v. Adams*, 168 F.3d 1036 (7th Cir. 1999); *Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2nd Cir. 2021).

3

42 U.S.C. §290dd-2 does not create a private right of action. Every Circuit that has considered the question has concluded that 42 U.S.C. §290dd-2 does not create a private right of action. *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("we are content to leave enforcement of 290dd-2 to the criminal process"); *Laster v. CareConnect Health Inc.*, 852 Fed. Appx. 476, 478 (11th Cir. 2021); *Ellison v. Cocke Cty.*, 63 F.3d 467, 470, 471 (6th Cir. 1995). In so concluding, the Sixth Circuit stated that "[t]he 'legislative scheme' clearly leaves no place for suits by private plaintiffs." *Ellison* at 471.

Multiple Circuits have concluded that 42 U.S.C. §290dd-2 does not confer a personal right, privilege, or immunity enforceable through Section 1983. *Ellison*, 63 F.3d at 471-72; *Schlosser v. Kwak*, 16 F.4th 1078, 1082 (2d Cir. 2021); *Doe v. Broderick*, 225 F.3d 440, 447, 449 (4th Cir. 2000). Though the Eighth Circuit has not addressed this specific question, "it is well-established that 42 U.S.C. §290dd-2 does not provide a private cause of action that can be enforced via §1983[.]…" *Reynolds v. MU Health Care*, 2020 WL 4905545 at *2 (W.D. Mo. Aug. 20, 2020). "[T]he rationale of *Chapa* [*v. Adams*, 168 F.3d 1036 (7th Cir. 1999)] and *Doe* [*v. Broderick*, 225 F.3d 440 (4th Cir. 2000)] have been used by the Eighth Circuit to conclude[,]" in *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003), that 18 U.S.C. §912, "does not confer a private right of action." *Giroux v. Bear*, 2017 WL 1082396 at *3 (D. S.D. Mar. 22, 2017).

42 U.S.C. §290dd-2 does not fit within the jurisdictional criteria of 28 U.S.C. §1343. 42 U.S.C. §290dd-2 does not provide "for the protection of civil rights" (*see* 28 U.S.C. §1343(a)(4)), create an enforceable "right, privilege, or immunity" (*Doe v. Broderick*, 225 F.3d at 447, 449, *quoting Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 423 (1987)) or provide "for the equal rights of all citizens or persons within the jurisdiction of the United States[,]" 28 U.S.C. §1343(a)(3). This Court lacks subject matter jurisdiction over the claims asserted in Count I.

If this Court is not persuaded that the above arguments dispose of Count I, it should grant Defendant summary judgment on Count I because the notification and background check requirements do not require Plaintiff to disclose (1) records of the identity of any recovery/drug treatment program participant, or (2) the fact that any individual is participating or has participated in a recovery/drug treatment program, has or has had a substance abuse disorder, or has ever been referred for treatment for a substance abuse disorder.

42 U.S.C. §290dd-2(a) provides in pertinent part that

Records of the identity of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse disorder education… treatment, rehabilitation, or research, which is… regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential

and be ***disclosed*** only for the purposes and under the circumstances expressly authorized under subsection (b).

42 U.S.C. §290dd-2(a) (double emphasis added).

42 U.S.C. §290dd-2(g) authorizes the Secretary of the United States Department of Health and Human Services to promulgate regulations "to carry out the purposes of" 42 U.S.C. §290dd-2, including "definitions," 42 U.S.C. §290dd-2(g).  Under that authority, the Secretary has defined "disclose" to mean:

> …to communicate any information identifying a patient as being or having been diagnosed with a substance use disorder, having or having had a substance use disorder, or being or having been referred for treatment of a substance use disorder either directly, by reference to publicly available information, or through verification of such identification by another person.

42 C.F.R. §2.11.

The notification requirements of Mo. Rev. Stat. §210.1262 and Mo. Code Regs. tit. 13, §35-71.300 do not require Plaintiff to "disclose" the identity or records of the identity of any patient who has been referred for substance abuse disorder treatment, or who has, or has had, a substance abuse disorder within the meaning of 42 C.F.R. §2.11 or 42 U.S.C. §290dd-2(a). *See* §210.1262; Mo. Code Regs. tit. 13, §35-71.300 5), (5)(D).  The Department of Social Services' LERCF notification form merely requires a license exempt residential care facility to list the "job title/role" of "all staff members, volunteers, and any individual eighteen (18) years or older who reside at or on the property of the

6

residential care facility…". See Def.'s Statement of Fact ¶3 (Aff. of Signars, ¶10; Aff. of Signars, Attachment 5, p. 2).

Listing a staff member's job title or role would not communicate if that individual has ever been referred for substance abuse disorder treatment, has, or ever had a substance abuse disorder.  For non-employees or non- "staff members," an individual's "role" could simply be listed as "volunteer" or individual 18 years or older residing at (or on the property of) the LERCF. Such information would not "disclose" or communicate any information that would identify those individuals as "being or having been diagnosed with a substance use disorder, having or having had a substance use disorder, or being or having been referred for treatment of a substance use disorder… ." 42 C.F.R. §2.11.  The notification requirements of Mo. Rev. Stat. §210.1262 and Mo. Code Regs. tit. 13, §35-71.300 do not require a "disclosure" of information that is confidential under 42 U.S.C. §290dd-2.

The background check requirements of Mo. Rev. Stat. §§210.493 and 210.1263 and Mo. Code Regs tit. 13, §35-71.015, which Plaintiff challenges, do not require Plaintiff to "disclose" any information that is confidential under 42 U.S.C. §290dd-2.  Individuals subject to the background check requirements "shall submit fingerprints and any information that the department requires to complete the background checks, as specified in regulations established by the department," Mo. Rev. Stat. §210.493.1; Mo. Code Regs tit. 13, §35-71.015

(1)(A), (6).  Neither Mo. Rev. Stat. §210.493 nor Mo. Code Regs tit. 13, §35-71.015 requires Plaintiff to submit any information, rather, individual applicants submit the information specified under §35-71.015(6)(B).

### Conclusion

In light of the foregoing, Defendant respectfully requests that the Court grant summary judgment in his favor and against Plaintiff on Count I.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

/s/ *Emily A. Dodge*
Emily A. Dodge, Mo Bar #53914
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102-0899
Tel: (573) 751-7344
Fax: (573) 751-9456
Email: Emily.Dodge@ago.mo.gov
ATTORNEYS FOR DEFENDANT

## **CERTIFCATE OF SERVICE**

I hereby certify that on the <mark>5th day of August</mark>, 2022, the foregoing was filed

and served via the Court's electronic filing system upon all counsel of record.

/s/ *Emily A. Dodge*
Emily A. Dodge
Assistant Attorney General