**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

CNS INTERNATIONAL                    )
MINISTRIES, INC.,                        )
              Plaintiff,          )
    v.                                        )          Case No. 2:21-cv-00065
ROBERT KNODELL,                      )
            Defendant.          )
                     )
                     )

**DEFENDANT'S SUGGESTIONS IN SUPPORT OF MOTION FOR SUMMARY**
**JUDGMENT ON COUNTS IV, VI, AND NON-BACKGROUND CHECK ASPECTS OF**
**COUNT III**

        Plaintiff brings as-applied challenges to the constitutional validity of several provisions of

the Residential Care Facility Notification Act, Mo. Rev. Stat. §§210.1250 to 210.1286 (RCFNA)

and regulations that the Missouri Department of Social Services (DSS) has promulgated in

implementing the RCFNA.  The procedural due process claims regarding the administrative review

and appeal processes that apply to background check findings, raised in Counts III and VII, are

addressed in a separate motion for summary judgment, along with Counts II and V.  These

summary judgment suggestions explain why Defendant is entitled to summary judgment as a

matter of law as to: (1) the remaining procedural due process claims in Count III; (2) Count IV;

and (3) Count VI.

        Plaintiff's claims concerning Mo. Rev. Stat. §§210.143 and 210.1271 and Count IV are

premised upon speculative, hypothetical future scenarios where a Missouri court might enter

certain orders under §§210.143 or 210.1271.  That is insufficient for this Court to grant declaratory

or injunctive relief to Plaintiff.  Plaintiff lacks standing to bring its claims under Counts IV or VI.

These suggestions also explore the constitutional validity of Mo. Rev. Stat. §§210.143 and 210.1271.

### Summary Judgment Standard

Entry of summary judgment is appropriate when the movant has demonstrated that there is an absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In meeting this initial burden, a movant who would not bear the burden of proof at trial must only identify those parts of the record that demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Furthermore, if the movant would not bear the burden of proof at trial, then he is entitled to summary judgment if he shows that the non-moving party has made an insufficient showing on an essential part of his claim. *Id.*  " 'The non-moving party may not rely on allegations or denials,' but rather 'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor on more than mere speculation or conjecture.' " *Carter v. Pulaski County Special Sch. Dist.*, 956 F.3d 1055, 1059 (8th Cir. 2020), *quoting Ball v. City of Lincoln, Neb.*, 870 F.3d 722, 727 (8th Cir. 2017) (cleaned up).

### ARGUMENT

**I.    Defendant is entitled to summary judgment with respect to Plaintiff's procedural due process challenges to Mo. Rev. Stat. §§210.143 and 210.1271.**

Section 210.143 authorizes the Children's Division, law enforcement, or a prosecuting attorney to file a petition for a court order directing a LERCF "that is the subject of an investigation of child abuse or neglect to present the child at a time and place designated by the court to a children's division worker for an assessment of the child's health, safety, and well-being." Mo. Rev. Stat. §210.143.1.  Section 210.1271 authorizes bringing an action for

2

> injunctive relief to cease the operation of a residential care facility and provide for the appropriate removal of the children from the residential care facility and placement in the custody of the parent or legal guardian or any other appropriate individual or entity in the discretion of the court

for a limited set of violations. Mo. Rev. Stat. §210.1271.1.  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time, and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 323 (1976).  " '(D)ue process is flexible and calls for such procedural protections as the particular situation demands.' " *Id.* at 334, *quoting Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

### A.     Mo. Rev. Stat. §210.143

"For a declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.' " *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977), *quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937).  In its prayer for relief, Plaintiff asserts that, with certain exceptions, §210.143.2 through .5 would violate procedural due process absent the provision of "pre-deprivation notice and a meaningful opportunity to be heard" to Plaintiff, the child subject of a child abuse investigation, and the child's "custodial parent" or legal guardian. Ct. Doc. 23 at 34 (a (1)); see also Ct. Doc. 23 at 13-14, at 26 (¶125).  Plaintiff is not entitled to declaratory relief based on concerns about a hypothetical future court order to present a child for an assessment of the child's health, safety, and well-being, as part of a hypothetical future investigation of child abuse or neglect at Plaintiff's LERCF that could only issue if Plaintiff would chose not to "voluntarily provide access to the child[,]" *see* Mo. Rev. Stat. §210.143.1(1).

In the context of an investigation of child abuse or neglect and a LERCF's refusal to "voluntarily provide access to the child[,]" §210.143.1(1), Mo. Rev. Stat. §210.143.2 states that

The court shall enter an order under this section if:

3

     (1) The court determines that there is reasonable cause to believe that the child has been abused or neglected and the residential care facility does not voluntarily provide access to the child;
     (2) The assessment is reasonably necessary for the completion of an investigation or the collection of evidence; and
     (3) Doing so is in the best interest of the child.

Mo. Rev. Stat. §210.143.2.  Following the assessment, the child is to be returned to the LERCF or to the child's parents or guardian "unless the court, after a hearing with attempted notice to the facility and to the parents or guardian and with due process for all parties, enters further orders to the contrary." Mo. Rev. Stat. §210.143.3.

     Section 210.143 petitions and orders are used in the context of an investigation of abuse or neglect of a specific child or children. *See* Mo. Rev. Stat. §210.143.1 through .4.  "Investigation" means "the collection of physical and verbal evidence to determine if a child has been abused or neglected." Mo Rev. Stat. §210.110, 210.110(10).

     The investigation shall include but not be limited to the nature, extent, and cause of the abuse or neglect; the identity and age of the person responsible for the abuse or neglect; the names and conditions of other children in the home, if any; the home environment and the relationship of the subject child to the parents or other persons responsible for the child's care; any indication of incidents of physical violence against any other household or family member; and other pertinent data.

Mo. Rev. Stat. §210.145.10.  An investigation would reasonably include "an assessment of the child's health, safety and well-being[,]" Mo. Rev. Stat. §210.143.1. *See Hawley v. Nelson*, 968 F.Supp. 1372, 1386 (E.D. Mo. 1997).

     Parents have a liberty interest in "the care, custody and management of their children," but "the right to family integrity does not include a constitutional right to be free from child abuse investigations." *Mitchell v. Dakota County Soc. Servs*, 959 F.3d 887, 897 (8th Cir. 2020).  "The government has a compelling interest in protecting minor children, especially when it is necessary

to protect them from their parents." *Mitchell*, 959 F.3d at 897.  The government also has a compelling interest in protecting children residing at a LERCF.

> The petition and order may be made on an ex parte basis if it is reasonable to believe that providing notice may place the child at risk for further abuse or neglect, if it is reasonable to believe that providing notice may cause the child to be removed from the state of Missouri or the jurisdiction of the court, or if it is reasonable to believe that evidence relevant to the investigation will be unavailable if the ex parte order is not entered.

Mo. Rev. Stat. §210.143.5.  In those circumstances, an ex parte petition and order protect "the state's very strong interests in protecting the child and learning in timely fashion what the child had to relate about the matter, without possibly being limited by the presence of" LERCF staff or officers, who may be perpetrators of abuse or neglect. *See Hawley*, 968 F.Supp. at 1386, *aff'd*, 141 F.3d 1168 (8th Cir. 1998).

Notice is not constitutionally required prior to a temporary, up to 72 hour removal of a child for an assessment of the child's health, safety and well-being where a court has determined that there is reasonable cause to believe the child has been abused or neglected and the LERCF where the child resides will not voluntarily provide access to the child (Mo. Rev. Stat. §210.143.2(1)), the assessment is reasonably necessary as part of a child abuse investigation (§210.143.2(2)), and the order is in the child's best interests (§210.143.2(3)). *See Mitchell*, 959 F.3d at 897; *Stanley v. Finnegan*, 899 F.3d 623, 627 (8th Cir. 2018); *see Hawley*, 968 F.Supp. at 1386 (E.D. Mo. 1997) (no constitutional requirement to notify parent prior to interviewing child who was subject of suspected neglect), *aff'd at* 141 F.3d 1168 (8th Cir. 1998).  A "reasonable suspicion" of child abuse is sufficient to remove a child in the context of a child abuse investigation, *Stanley*, 899 F.3d at 627.

A hypothetical future ex parte court order under §210.143 could allow Plaintiff's LERCF sufficient time to seek a protective order, stay, or temporary restraining order, and obtain an

expedited hearing before it would be required to produce the child, or before the assessment would occur. A court may stay implementation of its order to produce a child for up to three days. Mo. Rev. Stat. §210.143.6. "Any person served with a subpoena, petition, or order under this section… may file a motion for protective order or other appropriate relief. … at or before the time for production" of the child in the court's order. *Id.* "The court shall expedite a hearing on the motion and shall issue its decision no later than one business day after the date the motion is filed." *Id.*

Alternatively, a hearing after the child was transported and assessed would satisfy due process. Plaintiff—like a parent— is "not entitled to participate in child abuse investigations with the authorities." *See Hawley*, 968 F.Supp at 1386, *citing Manzano v. S. Dak. Dept. of Soc. Serv.*, 60 F.3d 505, 510 (8th Cir. 1998). "Any person named in an investigation as a perpetrator who is aggrieved by a determination of abuse or neglect" may seek administrative review with subsequent de novo judicial review. Mo. Rev. Stat §210.152.4, .6. A post-child assessment judicial proceeding and remedy under Mo. Rev. Stat §210.152 would satisfy due process. *See Hawley*, 968 F.Supp.3d at 1385, 1386.

### B.    Mo. Rev. Stat. §210.1271 proceedings

Section 210.1271 authorizes bringing an action for

> injunctive relief to cease the operation of a residential care facility and provide for the appropriate removal of the children from the residential care facility and placement in the custody of the parent or legal guardian or any other appropriate individual or entity in the discretion of the court

for a limited set of violations. Mo. Rev. Stat. §210.1271.1.

Section 210.1271 in no way suggests that every case brought under it would entail ex parte proceedings. Plaintiff's concern that an ex parte order granting injunctive relief under Mo. Rev. Stat. §210.1271.1 might hypothetically be granted at some future time (see Ct. Doc. 23 at 10 (¶45), at 26 (¶124)) is speculative. The federal courts do not grant declaratory judgments "upon a

hypothetical basis," *Ashcroft*, 431 U.S. at 172, *quoting Aetna Life Ins. Co.*, 300 U.S. at 242. Plaintiff has not demonstrated "standing for prospective relief" because Plaintiff cannot show that it is experiencing "an immediate threat of injury." *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 814-15 (8th Cir. 2019).

In the event of an ex parte order "requiring a residential care facility to cease operations, a hearing shall be held within three business days to determine whether the order shall remain in effect, with attempted notice to the facility and the parents or guardians and due process for all parties." Mo. Rev. Stat. §210.1271.2.  Where the State "must act quickly, or where it would be impractical to provide predeprivation process, postdeprivation process satisfies the requirements of the Due Process Clause." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997).

Rule 92.02 prohibits the issuance of a preliminary injunction absent "prior notice and an opportunity to be heard" (Mo. S. Ct. Rule 92.02(c)(1)) and imposes strict limits upon ex parte temporary restraining orders (*see* Mo. S. Ct. Rule 92.02(b)(1)).  Mo. Rev. Stat. §210.1271 did not amend Mo. S. Ct. Rule 92.02. *See* Mo. Const. art. V, sec. 5.

Plaintiff does not have a protected property interest in continuing to operate a LERCF at Heartland.  Plaintiff does not "have 'a legitimate claim of entitlement to' " continuing to operate as a LERCF because it has not filed a notification containing all information required by Mo. Rev. Stat. §210.1262 and Mo. Code Regs tit. 13, §35-71.300(5). *See Austell v. Sprenger*, 690 F.3d 929, 935 (8th Cir. 2012), *quoting Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); see Def.'s Statement of Facts, ¶¶6-15.

Where a property interest is involved, due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Crum v. Vincent*, 493 F.3d 988, 993 (8th Cir. 2007).  Rather, due process "requires notice that is 'reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Crum* at 993, *quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff submitted a LERCF notification form in October 2021, providing the LERCF's street address, mailing address, phone number and facility e-mail address as required by Mo. Code Regs tit. 13, §35-71.300 (5)(D)1. Def.'s Statement of Facts, ¶16; Mo. Code Regs tit. 13, §35-71.300 (5)(D)1. Plaintiff's notification form also listed the names and phone numbers of the LERCF's director and operator and the director's e-mail address. Def.'s Statement of Facts, ¶17.

" 'Notice by mail is ordinarily presumed to be constitutionally sufficient.' " *Crum* at 993, *quoting Nunley v. Dept. of Justice*, 425 F.3d 1132, 1136 (8th Cir. 2005). Service by e-mail upon one or more e-mail addresses provided by Plaintiff on the LERCF notification form would also satisfy due process, because it would be reasonably calculated to apprise the LERCF of a pending court matter and afford it an opportunity to present its objections. *See Missouri ex rel. Schmitt v. People's Republic of China*, 2021 WL 1889857 at *2 (E.D. Mo. May 11, 2021), *quoting Mullane*, 339 U.S. at 314.

The parents or guardians with legal custody of the children at Plaintiff's LERCF could choose to remove their children at any time. *See* Mo. Rev. Stat. §475.025. Further, §210.1271 contemplates that children will be placed in the physical custody of their parents or legal guardians where possible. Mo. Rev. Stat. §210.1271.1, .4. If the child's parent or guardian decides to take his or her child, Plaintiff does not have a liberty interest in keeping that child at its LERCF.

"In child removal cases, the meaningful time and manner requirement means that the state must hold a hearing promptly after removal." *Mitchell*, 959 F.3d at 897. Where a child was "without proper care, custody, or support" (*see* Mo. Rev. Stat. §211.031.1(1)(b)) because a LERCF

8

where the child was staying had ceased operating, and the child was taken into custody, §211.032.1 provides that "the juvenile or family court shall notify the parties of the right to have a protective custody hearing." Mo. Rev. Stat. §211.032.1.  Rule 114.01 requires personal service on all parties (Mo. S. Ct. R. 114.01(a)), unless personal service cannot be effected, in which case, service may be made by registered or certified mail to a party's last known address (Mo. S. Ct. R. 114.01(d)). For purposes of chapter 211 and Rules 110 to 129, *see* Mo. S. Ct. R. 110.01, the parties include "the parents, guardian, and custodian of the juvenile," Mo. S. Ct. R. 110.04(a)(20).

The notice to the parents and guardians required by Mo. Rev. Stat. §211.032.1 and Mo. S. Ct. R. 114.01 shall be provided in advance of the hearing. Mo. S. Ct. R. 114.01(f).  That is facilitated by Mo. Rev. Stat. §210.1264, which requires "any license-exempt residential care facility subject to the notification requirements of sections 210.1250 to 210.1286" to provide, "[u]pon request by the department or a law enforcement officer… a full census" of the children at the LERCF, "including parental and other guardian contact information… ." Mo. Rev. Stat. §210.1264.  "A party 'need not receive actual notice, but only notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.' " *Slaven v. Engstrom*, 710 F.3d 772, 779 (8th Cir. 2013) (citation omitted).

## II.   Defendant is entitled to summary judgment on Count IV ("Parental Rights")

In Count IV, Plaintiff concludes that "the new statute"—Plaintiff fails to specify which one—"and enabling regulations conflict with" (Ct. Doc. 23 at 28, ¶137) the rights of parents to direct their children's education and upbringing and choose to have their children educated at Plaintiff's school. See Ct. Doc. 23, ¶¶133, 136-37.  Plaintiff's theory seems to be that hypothetical "removals" of children or court-ordered "ceased operations" would conflict with or violate

parental rights (Ct. Doc. 23 at 28, ¶137), or Plaintiff's right to operate a private, faith-based school (Ct. Doc. 23 at 27, ¶133).

"For a declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.' " *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977), *quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937).  Count IV hypothesizes that DSS would seek and obtain injunctive relief under Mo. Rev. Stat. §210.1271 to "cease the operation of" Plaintiff's LERCF and provide for the appropriate removal of the children from the residential care facility and placement in the custody of the parent or legal guardian or any other appropriate individual or entity in the discretion of the court," Mo. Rev. Stat. §210.1271.1. See Ct. Doc. 23 at 28, ¶137.  The factual allegations of the Amended Complaint do not show an existing, actual threat by the Department (or any other party authorized to seek injunctive relief under §210.1271) to bring a §210.1271 action against Plaintiff.  Plaintiff has not demonstrated "standing for prospective relief" because Plaintiff cannot show that it is experiencing "an immediate threat of injury." *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 814-15 (8th Cir. 2019).

Due to Plaintiff's lack of standing and the hypothetical nature of any injury alleged in Count IV, this Court could, and should, grant summary judgment in Defendant's favor without addressing the merits of Count IV.

Nevertheless, it bears mention that the challenged laws and regulations do not prevent Plaintiff from operating a private, religious school.  The RCFNA includes the provision that

> Nothing in the statutes of Missouri shall give any governmental agency jurisdiction or authority to regulate or attempt to regulate, control, or influence the form, manner, or content of the religious curriculum, program, or ministry of a school or of a facility sponsored by a church or religious organization.

Mo. Rev. Stat. §210.1274.

Nothing in the challenged laws or regulations prevents Plaintiff from enrolling and educating any pupil in a private school operated by Plaintiff.  Even if in the future someone might seek an injunction under Mo. Rev. Stat. §210.1271 for Plaintiff's LERCF to cease operations—which is purely speculative— in the hypothetical event that a court would issue an order granting such relief, that would not stop Plaintiff from operating a private school.  Plaintiff would no longer be able to operate a boarding school at Heartland in that scenario, but "children of staff and from the community at large" (see Ct. Doc. 23 at 3, ¶9) could continue to attend Plaintiff's K-12 school.  If Plaintiff's LERCF were ordered to cease operations, children previously residing at the LERCF could still attend Plaintiff's school, but they would have to stay the night somewhere else.  If those children did not reside with their parents or guardians, or in foster homes, *see* Mo. Code Regs tit. 13, §35-71.015(1)F, they could live in homes that were not owned or operated by Plaintiff, or "in private homes whose owners are" not "contracted with, associated or affiliated with the institution," §35-71.015(1)(B).

### III.      Defendant is entitled to summary judgment on Count VI

After a standard paragraph realleging all previous counts of the Amended Complaint, Count VI makes a conclusory allegation (unchanged from the original Complaint) that "Defendant promises, under the new statute [unspecified] and enabling regulations, to deprive Plaintiff and its members of… constitutionally protected rights under the Fourth Amendment… including the right to be free from unconstitutional searches and seizures." See Ct. Doc. 23 at 31, ¶¶154, 155.

There is no presently existing, actual threat that Defendant, its employees or officials, will search or seize Plaintiff's premises or records.  Plaintiff will be unable to produce admissible evidence showing a present, actual threat that Defendant, its employees or officials, will violate the Fourth Amendment rights of Plaintiff or its members.  "Plaintiff lacks standing to sue for an

injunction against future unconstitutional seizures because Plaintiff has failed to allege any non-speculative threat of future seizures." *D.C., Inc., v. Missouri ex rel. Davis*, 2009 WL 900733 at *4 (W.D. Mo. Apr. 1, 2009), *citing City of Los Angeles v. Lyons*, 461 U.S. 95, 102-103 (1983). Plaintiff has not demonstrated "standing for prospective relief" because Plaintiff cannot show that it is experiencing "an immediate threat of injury." *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 814-15 (8th Cir. 2019).

### Conclusion

In light of the foregoing, Defendant respectfully requests that the Court grant summary judgment in its favor on all matters addressed herein, including Counts IV and VI.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

/s/ *Emily A. Dodge*
Emily A. Dodge, Mo Bar #53914
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102-0899
Tel: (573) 751-7344
Fax: (573) 751-9456
Email: Emily.Dodge@ago.mo.gov
ATTORNEYS FOR DEFENDANT

## <u>CERTIFCATE OF SERVICE</u>

I hereby certify that on the 7th day of November, 2022, the foregoing was filed and served via the Court's electronic filing system upon all counsel of record.

<div style="margin-left: 40%;">

<u>/s/ *Emily A. Dodge*  </u>
Emily A. Dodge
Assistant Attorney General

</div>