IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CNS INTERNATIONAL MINISTRIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-CV-65 RLW |
| ROBERT KNODELL, Acting Director of the Missouri Department of Social Services, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff CNS International Ministries, Inc. ("CNSIMI" or "Heartland"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and this Court's Local Rule 4.01, and for the reasons set forth in the accompanying memorandum of law, hereby move for summary judgment on its claims that Missouri House Bills 557 and 560, as enacted through statutes and regulations, violate Plaintiff's rights under the United States Constitution.

1. Heartland comprises, among other things, Heartland Children and Youth Home (composed of separate recovery programs for girls and boys), Heartland Women's Recovery Program, and Heartland Men's Recovery Program. In coordination with its recovery programs, Heartland provides a K-12 school, which is attended by those in the boys' and girls' programs as well as children of staff and children from the community, and an accredited two-year college known as "Heartland Christian College." At the core of all these ministries is Heartland Community Church, also a part of the Heartland community.

2. Heartland's recovery programs, which have been continuously operating since the mid-1990s, promote healing in children and adults who have been bound by life-controlling

addictions, attitudes, and behavioral problems, by formation in the concepts of Christian living and personal responsibility.

3. On July 14, 2021, Missouri House Bills 557 and 560 took effect, imposing various new background check and disclosure provisions on "License-Exempt Residential Care Facilities" or "LERCFs"—a category that includes boarding schools.

4. Because CNSIMI includes a boarding school, it is considered a LERCF. 13 CSR 35-71.015(1)(F).

5. The new laws' broad application to CNSIMI has obvious and immediate implications that range from nonsensical to flatly illegal. For instance, CNSIMI is now bound to conduct background checks on all "support staff," which includes those who perform "professional services." 13 CSR 35-71.015. This means that CNSIMI is bound to check the background of its accountants and lawyers, even if they are never anywhere near any children at Heartland. Moreover, the background check and disqualification provisions apply to all employees of CNSIMI, including pastors and religious teachers, which is a clear violation of the longstanding church autonomy doctrine that reserves for religious organizations the exclusive right to choose their ministers. *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC,* 565 U.S. 171 (2012).

6. Then there are the applications of the new law that require CNSIMI to violate other laws. For instance, the new law requires CNSIMI to notify the State of all residents at CNSIMI, which includes those in the recovery programs. Federal law, however, requires that drug and alcohol rehab facilities keep confidential the identities of those in their programs. 42 U.S.C. 290dd-2 and 42 U.S.C. 290ee-3.

7. These are only a few of the problems alleged in CNSIMI's seven-count complaint challenging Missouri's new laws. As more fully described in the accompanying memorandum of law, the new laws create a conflict with federal privacy laws (Count I), they violate Plaintiff's right to expressive association by threatening removal of children and the unreasonable disqualification of employees (Count II), they violate procedural due process rights by threatening removal of children and the disqualification of employees without sufficient process (Count III), they violate parents' rights to have their children attend the school of their choice and to direct their upbringing (Count IV), they violate Heartland's Constitutionally-protected religious autonomy by determining who can and cannot serve as pastors or religious instructors (Count V), they violate Heartland's Fourth Amendment rights by allowing the State to seize children and their medical records without due process (Count VI), and they violate Heartland's and its employees' due process rights to challenge the results of background checks, as federal law allows (Count VII).

8. As more fully described in the accompanying memorandum of law, two Heartland employees, a school janitor and a lunchroom supervisor, have already been deemed ineligible to work their jobs at Heartland because of decades-old criminal convictions that have nothing to do with children.

9. Entry of a permanent injunction and declaratory judgment is appropriate in this case because there is no genuine issue as to any material fact and Plaintiffs are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Rule 56(c) of the Federal Rules of Civil Procedure).

10. Plaintiff is filing a memorandum of law in support of this motion, as well as a Statement of Uncontroverted Material Facts and supporting exhibits, and Plaintiff incorporates those documents by reference.

WHEREFORE, for the reasons stated herein and in all the pleadings, motions, briefs, declarations and exhibits filed herewith, Plaintiff respectfully requests that the Court enter summary judgment in its favor and against Robert Knodell, Acting Director of the Missouri Department of Social Services, to wit:

    a) A declaratory judgment stating that:

        1) It is unlawful for Defendant to remove or seek the removal of any person, including children, residing at Heartland, without first providing Heartland and the person subject to removal and his or her custodial parent or legal guardian with meaningful notice and an opportunity to be heard, unless such person is in imminent danger of serious bodily injury or death, or has been sexually abused or is in imminent danger of sexual abuse. In failing to meet this Constitutional threshold, § 210.143(2)-(5), RSMo, § 210.1268, RSMo and § 210.1271(1)-(4), RSMo are invalid absent pre-deprivation notice and a meaningful opportunity to be heard;

        2) It is unlawful for Defendant to remove or seek the removal (whether through "ineligibility" or otherwise) of any person from Heartland without first demonstrating a compelling state interest in removing the particular person and demonstrating that there is no less restrictive means of achieving the compelling state interest;

3) It is unlawful for Section 210.493(2), RSMo to require "any person eighteen years of age or older who resides at or on the property" of CNSIMI to complete a background check or otherwise disclose their identity without, at a minimum, first meeting the requirements imposed by 42 USC § 290dd-2 and 42 CFR Part 2 as regards each participant (past or present) in alcohol and drug recovery programs;

4) Section 210.1283 RSMo's Class B misdemeanor penalty is invalid as applied to any participant in CNSIMI's alcohol and drug abuse programs' (past or present) refusal to submit to invasive background checks, as violative of 42 USC § 290dd-2 and 42 CFR Part 2;

5) It is unlawful for Defendant, or anyone acting in concert with the Defendant, to seek or require the disclosure of a full census and demographic information at the residential care facility, of any person eighteen years of age or older who resides at or on the property of the residential care facility pursuant to § 210.1264 RSMo, without, at a minimum, first meeting the requirements imposed by 42 USC § 290dd-2 and 42 CFR Part 2 regarding each participant in CNSIMI's alcohol and drug recovery programs;

6) It is unlawful for Section 210.493.10, RSMo to condition a participant's "eligibility" or "ineligibility" for "presence at" CNSIMI's alcohol and drug abuse programs based upon disclosure of their identity and the outcome of invasive background checks, as violative of 42 USC § 290dd-2 and 42 CFR Part 2;

5

7) It is unlawful to require CNSIMI to refrain from receiving children (Section 210.1259.1, RSMo), face injunctions to cease operations or suffer the removal of children (Section 210.1271.1.(3)) based upon its refusal to violate 42 USC § 290dd-2 and 42 CFR Part 2 regarding each participant in CNSIMI's alcohol and drug recovery programs;

8) It is unlawful for Defendant to interfere with and dictate CNSIMI's choice in officers, staffing, and contractors, including, but not limited to its Chairperson of the Board, President, Directors, Vice Presidents, Secretary, General Counsel, Headmaster, Principal, Head Teacher, Treasurer or any other Officers, Managers, or Staff or Support Staff, including the providers of professional services (including attorneys and accountants);

9) It is unlawful for Defendant, or anyone acting in concert with the Defendant, to condition CNSIMI's ability to receive children under § 210.1259, RSMo upon its refusal to exclude individuals from its employment and premises based upon constitutionally and statutorily prohibited criteria;

10) It is unlawful for the Defendant, or anyone acting in concert with the Defendant, to require the acquisition and access to all medical records of the child residents of the facility pursuant to § 210.1262(8), RSMo, for no reason other than "to verify that medical records are being kept" and solely based upon a "reasonable basis to believe" that the medical records are not maintained;

11) It is unlawful for the Defendant, or anyone acting in concert with the Defendant, to demand a census list, demographics information and the

    related information regarding officers, managers, contractors, volunteers with access to children, employees, and other support staff of the facility, any person eighteen years of age or older who resides at or on the property of the residential care facility and any person who has unsupervised contact with a resident of the residential care facility pursuant to § 210.1264, RSMo; and

12) It is unlawful for the Defendant, or anyone acting in concert with the Defendant, to condition an individual's presence at CNSIMI's premises on undergoing background checks and criminally penalize individuals for failure to undergo background checks pursuant to § 210.1283, RSMo.

b) Injunctive relief forbidding Defendant, his employees, agents and successors in office from enforcing any statute or regulation to the extent the Court declares such statutes or regulations to be unlawful as requested above;

c) An award of attorney fees and other expenses as provided by 42 U.S.C. § 1988;

d) An award of costs as provided by law; and

e) Such other and further relief as the Court deems appropriate.

                                Respectfully submitted,

                                OTTSEN, LEGGAT AND BELZ, L.C.

                    By: /s/ Timothy Belz
                         Timothy Belz  #MO-31808
                         112 South Hanley, Second Floor
                         St. Louis, Missouri 63105-3418
                         Phone: (314) 726-2800
                         Facsimile: (314) 863-3821
                         tbelz@olblaw.com

      and

      Brad L. Blake #MO-38340
      Fellows & Blake, L.L.C.
      13421 Manchester Road, Suite 105
      St. Louis, Missouri 63131
      Phone: (314) 725-1600
      Facsimile: (314) 725-1609
      bblake@fellowsblakelaw.com

      Attorneys for CNS International Ministries, Inc.


### Certificate of Service

The undersigned hereby certifies that the foregoing document was served on all registered parties on this 7th day of November, 2022 using the Court's online filing system.

      /s/ Timothy Belz