IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

CNS INTERNATIONAL MINISTRIES, INC.,       )
                                          )
              Plaintiff,                   )
                                          )
v.                                        )        Case No. 2:21-CV-65 RLW
                                          )
ROBERT KNODELL, Acting Director of the    )
Missouri Department of Social Services,    )
                                          )
              Defendant.                   )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ON COUNT I**

**I.      The State's new disclosure laws violate federal privacy laws.**

The newly enacted Section 210.1262 of the Missouri statutes states that a facility such as

CNS International Ministries, Inc. (CNSIMI) must notify the Department of Social Services of,

*inter alia*, the "[n]ame of the director, owner, operator, all staff members, volunteers, and any

individual eighteen years of age or older who resides at or on the property of the residential care

facility." The new laws also require CNSIMI to submit all such individuals, which include

everyone working for or dwelling at Heartland,[1] to intrusive background checks, which would

further reveal the identities of those in the recovery programs. Section 210.493. The purpose of

these extensive background checks is to determine whether an individual is "eligible or ineligible

for employment ***or presence*** at the residential care facility." Section 210.493.10 (emphasis

added). The law makes presence at Heartland without completing a background check a Class B

misdemeanor. Section 210.1283.

---

[1] CNSIMI's campus and operations in northeastern Missouri are generally referred to as "Heartland."

CNSIMI alleges in its first count that the records sought by the Department of Social Services are confidential under federal law because they reveal the names of individuals participating in CNSIMI's drug and alcohol recovery programs. 42 U.S.C. 290dd-2(b)(2)(a). Pursuant to 42 U.S.C. 290dd-2 and 42 U.S.C. 290ee-3, CNSIMI is required to observe strict confidentiality regarding the identities of those in the drug and alcohol recovery programs it administers. Indeed, CNSIMI has previously litigated to a judgment from this Court a case confirming that federal rules prohibit it from revealing the identities of those in its recovery programs. *In re Employment Records of John Does Employed by Sharpe Holdings*, 4:17MC238 RLW, 2017 WL 6547738 (E.D. Mo. 2017).

The Heartland Men's Recovery Center houses men of all ages and from all over the United States. Statement of Additional Material Facts (Add'l Facts) at ¶1. Men in the Recovery Program participate in daily devotions, chapel, and all weekly Heartland church services. *Id*. In the Heartland Women's Recovery Program, women live in a home-like environment while focusing on their relationship with Jesus Christ. *Id*. at ¶2. They are trained in areas such as vocation, work ethic, child-rearing, and financial stewardship. *Id*. Because of the nature of addiction and recovery, many individuals in the recovery programs have criminal convictions or guilty pleas in their past, often involving drug-related offenses. *Id*. at ¶3.

The new Missouri laws are clear that anyone who "resides at or on the [Heartland] property," 210.1262 RSMo., must be disclosed to the State. The evidence is clear that Plaintiff "houses" those in its recovery programs. Therefore, recovery program participants must be disclosed to the State, which violates 42 U.S.C. § 290dd-2: "[r]ecords of the identity . . . of any patient which are maintained in connection with the performance of any program or activity relating to substance use disorder education, prevention, training, treatment, rehabilitation, or

2

research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall . . .  be confidential . . . ."

Defendant argues that Section 210.1262 does not violate 42 U.S.C. 290dd-2 because it requires Heartland to disclose only names without specifying that those individuals are members of a recovery program. Doc. 52 at 5. This argument ignores the plain language of the federal regulation, which prohibits disclosure of "[r]ecords of the identity" (*i.e.*, names) that are "maintained in connection with" a substance use disorder program. "Records of the identity" (names) are the protected species; patient status in a recovery program is merely the reason said records are maintained, not the subject of the confidentiality protection. The Court should reject Defendant's suggestion otherwise, because it ignores the plain meaning of the regulation, which specifically prohibits Heartland from proffering "records of identity."

Defendant's suggestion that Heartland's disclosure of mere "names" would provide the confidentiality required by federal law is also disingenuous, given the legal consequences of any such disclosure. The purpose of disclosing identities is to notify the State of the catalogue of individuals who will be compelled to undergo comprehensive background checks, and those background checks will inevitably include their criminal histories, including (with exceedingly rare exceptions) their involvement with drug- and alcohol-related offenses. *See* 13 CSR 35-71.015(2). Because of the nature of addiction and recovery, many individuals in the recovery programs have criminal convictions or guilty pleas in their past, often involving drug-related offenses. Add'l Facts at ¶3. So, limiting the initial disclosure requirement to "identities" without associated patient status would do nothing to preserve the substance of the confidentiality protections afforded by the federal regulations.

Defendant argues that proffering mere names would not be a "disclosure" within the meaning of the federal regulations, because "disclosure" requires direct or indirect affirmation of a person's substance abuse status. Doc. 52 at 6. This is form over substance, for offering up names of recovering individuals for the purpose of the State running background checks on them constitutes *at least* indirect disclosure of their substance abuse status.

But perhaps most important, CNSIMI has to state the "role" of each of its residents. The LERCF Notification form, filed in this case by the Defendant at Doc. 56-1, p. 15, has a column for the LERCF to list each resident's "Job Title/Role." The role of those in the addiction and recovery program would be to be in the addiction and recovery program. This leaves no doubt as to the effect and substance of the required disclosures. The same form mandates that the Director of the LERCF execute a statement which follows: "I hereby attest and affirm, subject to the penalties of perjury . . . that the information contained in the Notice and the supporting materials are true, accurate, and complete . . . I further certify, under oath and subject to penalty of perjury, that all individuals who are required to successfully complete background checks pursuant to 210.493 and 13 CSR 35-71, have completed background checks and are eligible as provided by law."  License Exempt Residential Care Facility Notification, Doc. 56-1, p. 16.

The new laws therefore leave CNSIMI in an impossible legal situation. The federal privacy rules do not offer protection for entities who disclose the identities of people in recovery programs but do not expressly say that they are in recovery programs, as the new Missouri laws, as interpreted by Defendant, require. Thus, running any recovery program puts Heartland in legal peril. *See U.S. ex. rel Chandler v. Cook Cty., Ill.,* 277 F.3d 969, 981 (7th Cir. 2002) ("It is not only the privacy rights of individual patients that are at stake here, but also the continued effectiveness and viability of important substance abuse treatment programs . . . .").

Men and women in Heartland's recovery programs are also in a quandary. Missouri's new laws threaten the confidentiality of the assistance Heartland provides, which is one of the central reasons people join recovery programs. *Id.* ("Patients will be less willing to seek treatment if patient confidentiality is not strictly protected.").

The federal privacy statute and governing regulations "carry a strong presumption against disclosing records of this kind. . . . The express purpose of this provision is to encourage patients to seek treatment for substance abuse without fear that by doing so, their privacy will be compromised." *United States v. Cresta*, 825 F.2d 538, 551-52 (1st Cir. 1987), *cert. denied*, 486 U.S. 1042 (1988). The privacy rules are "a response to the considerable stigma long associated with, and still attached to, substance use disorders." *See Confidentiality of Alcohol and Other Drug Abuse Treatment Information for Emergency Department and Trauma Center Patients*, 20 Health Matrix 387, 388 (2010). "Congress felt that 'the strictest adherence' to the confidentiality provisions was needed, lest individuals in need of drug abuse treatment be dissuaded from seeking help." *Ellison v. Cocke Cty. Tenn*, 63 F.3d 467, 471 (6th Cir. 1995); *see also Cook Cty.*, 277 F.3d at 981.

Pursuant to 42 CFR § 2.20, "no state law may either authorize or compel any disclosure prohibited by the [privacy regulations]." But §§ 210.1262 and 210.493 clearly require that CNSIMI disclose the names of recovery program participants, and Defendant, in its paperwork (Doc. 56-1, p. 15) insists that this disclosure includes their "roles" as participants in the recovery programs. On the other hand, "the strictest adherence" to federal confidentiality rules is required. Accordingly, the challenged Missouri laws violate federal law, and CNSIMI should be protected from their application and enforcement.

II.     **Plaintiff has standing to pursue declaratory and injunctive relief in this Court because the new state law is in conflict with and preempted by federal privacy requirements.**

Defendant also argues that Plaintiff cannot raise the conflict between federal privacy laws and the State's new regulation because "42 U.S.C. §290dd-2 does not provide a private cause of action that can be enforced via §1983." Doc. 52 at 4 (citing cases). Defendant's cases are indeed uniform in finding that a private person cannot seek damages for a defendant breaching the plaintiff's confidentiality. Plaintiff has not filed a suit for damages, however, nor has it sued under the federal privacy laws.

Rather, Plaintiff argues that it cannot comply with *both* the state and federal privacy laws. If Plaintiff complies with the new law and identifies those in the recovery programs, it will face federal criminal charges and fines. 42 U.S.C. 290dd-2(f); 42 U.S.C. 1320d-5, 1320d-6. Further, recovery program participants face criminal charges (§ 210.1283 RSMo.) if they do not subject themselves to background checks (as residents at a LERCF—§ 210.493(2) RSMo.), which would identify them as program participants.

This is precisely the type of case the Declaratory Judgment Act is designed to address. 10 Fed. Procedure, L. Ed. Declaratory Judgments 23:2 (2007) (purpose of the Declaratory Judgment Act is to enable parties uncertain of their legal rights and obligations to seek a declaration of their rights and settle the controversy before duties are breached); *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (federal court jurisdiction present where state-law claims "implicate significant federal issues").

The law is clear that CNSIMI, procedurally, is doing exactly what it is supposed to be doing. "The Supreme Court has consistently recognized federal jurisdiction over declaratory and injunctive relief actions to prohibit the enforcement of state or municipal orders alleged to violate

6

federal law." *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 144 (2d Cir. 2016); *see also Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320 (2015) ("[A]s [the Supreme Court has] long recognized, if an individual claims federal law immunizes him from state regulation, the court may issue an injunction upon finding the state regulatory actions preempted."). Moreover, "[a] party is not required to pursue arguably illegal activity . . . or expose itself to criminal liability before bringing suit to challenge a statute alleged to violate federal law." *Friends of the E. Hampton Airport*, 841 F.3d at 144 (internal quotation marks omitted).

Defendant argues that the federal privacy laws do not confer a right of action. But "[i]n such circumstances [as these], a plaintiff does not ask equity to create a remedy not authorized by the underlying law. Rather, it generally invokes equity preemptively to assert a defense that would be available to it in a state or local enforcement action." *Id*. (citing *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 262 (2011) (Kennedy, J., concurring)).

Further, "[a] federal statutory right or right of action is not required where a party seeks to enjoin the enforcement of a regulation on the grounds that the local ordinance is preempted by federal law." *Qwest Corp. v. City of Santa Fe, New Mexico*, 380 F.3d 1258, 1266 (10th Cir. 2004) (citing *Wright Elec., Inc., v. Minn. State Bd. Of Elec.,* 322 F.3d 1025, 1028 (8th Cir. 2003); *Western Air Lines Inc. v. Port Auth.,* 817 F.2d 222, 225–26 (2d Cir.1987)); *see also Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n.14 (1983) ("A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.").

As Plaintiff pled in its Amended Complaint, 42 CFR 2.20 (referring to 42 U.S.C. 290dd-2) states that "no state law may either authorize or compel any disclosure prohibited by the regulations in this part."[2] Doc. 23 at ¶92. The State's new laws requiring disclosures regarding those in the recovery program are thus preempted by the federal laws, at least on this discrete issue, and the Court has jurisdiction despite no federal statute granting a right of action.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that Defendant's Motion for Summary Judgment on Count I be denied.

<div style="margin-left:40%">

Respectfully submitted,

OTTSEN, LEGGAT AND BELZ, L.C.

By: /s/ Timothy Belz
Timothy Belz  #MO-31808
112 South Hanley, Second Floor
St. Louis, Missouri 63105-3418
Phone: (314) 726-2800
Facsimile: (314) 863-3821
tbelz@olblaw.com

and

Brad L. Blake #MO-38340
Fellows & Blake, L.L.C.
13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
Phone: (314) 725-1600
Facsimile: (314) 725-1609
bblake@fellowsblakelaw.com

Attorneys for CNS International Ministries, Inc.

</div>

---

[2] Indeed, state courts have bowed to 42 U.S.C. 290dd-2 on state law issues (discovery in a divorce case). *State ex rel. C.J.V. v. Jamison*, 973 S.W.2d 183, 185 (Mo. App. E.D. 1998).

**Certificate of Service**

The undersigned hereby certifies that the foregoing document was served on all registered parties on this 7th day of December, 2022 using the Court's online filing system.

/s/ Timothy Belz_____