UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CNS INTERNATIONAL MINISTRIES, INC., )<br>　　　　Plaintiff, )<br>　v. )<br>ROBERT KNODELL, )<br>　　　　Defendant. )<br>) | Case No. 2:21-cv-00065 |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNT I

This Court lacks subject matter jurisdiction over Count I.  Defendant cited cases from multiple circuits that uniformly found no private right of action under 42 U.S.C. §290dd-2. See Ct. Doc. 52 at 1, 4.  Plaintiff cannot bring its claims for declaratory or injunctive relief based on 42 U.S.C. §290dd-2.

"[S]ection 290dd-2 does not create individual entitlements that can be enforced via section 1983." *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000).  In contrast, rights that are enforceable under Section 1983 may be enforced through declaratory or injunctive relief.  The plaintiff in *Reynolds v. MU Health Care*, 2020 WL 4905545 (W.D. Mo. Aug. 20, 2020), requested declaratory and injunctive relief based on 42 U.S.C. §290dd-2. See *Reynolds* Complaint[1], Ct. Doc. 1 at 5, 6, 8, 26.  The district court dismissed Reynolds' claims, citing *Broderick* and *Chapa v. Adams*, 168 F.3d 1036 (7th Cir. 1999), because "it is well established that 42 U.S.C. § 290dd-2 does not provide a private cause of action that can be enforced via § 1983, as Plaintiff is seeking to do." *Reynolds v. MU Health Care*, 2020 WL 4905545 at *2 (W.D. Mo. Aug. 20, 2020).

---

[1] This Court may take judicial notice of this public record available through PACER. *Jones v. Ware*, 2021 WL 5865370 at *2, n. 2 (Dec. 10, 2021); *see Stutkza v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

Multiple Circuits have concluded that 42 U.S.C. §290dd-2 does not confer a personal right, privilege, or immunity enforceable through Section 1983. *Ellison v. Cocke Cty.*, 63 F.3d 467, 471-72 (6th Cir. 1995); *Schlosser v. Kwak*, 16 F.4th 1078, 1082 (2d Cir. 2021); *Broderick*, 225 F.3d at 447, 449 (4th Cir. 2000).  Count I does not involve a federal right that is enforceable under Section 1983.  42 U.S.C. §290dd-2 precludes private enforcement, at least implicitly, so Plaintiff "cannot, by invoking [this Court's] equitable powers, circumvent Congress's exclusion of private enforcement." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 328 (2015).

Undeterred, Plaintiff asserts that 42 U.S.C. §290dd-2 somehow preempts the background check statute and regulation (at least if an applicant is a recovery program participant).  It is unclear if Plaintiff is making a similar preemption argument about the notification statute or regulation.

Plaintiff contends that complying with the notification and background check statutes, *see* Mo. Rev. Stat. §§210.493, 210.1262, 210.1263, would require it to disclose confidential information in violation of 42 U.S.C. §290dd-2.  Plaintiff is mistaken.

Individuals subject to the background check requirements, *see* Mo. Rev. Stat. §§210.493, and 210.1263; Mo. Code Regs tit. 13, §35-71.015, apply for background checks and submit the information needed to complete the background checks, §210.493.1; §35-71.015(1)(A), (6).  Mo. Rev. Stat. §210.493, 210.1263, and Mo. Code Regs tit. 13, §35-71.015 do not require Plaintiff to submit any information, rather, the individual applicants apply for the background checks and submit the required information, *id*.  Thus, the background check statutes and regulation do not require Plaintiff to "disclose" any information that is confidential under 42 U.S.C. §290dd-2.  There is no conflict between 42 U.S.C. §290dd-2 and the background check requirements that Plaintiff challenges. *See United of Omaha v. Bus. Men's Assurance Co. of Am.*, 104 F.3d 1034, 1041 (8th Cir. 1997).  42 U.S.C. §290dd-2 does not preempt the background check requirements,

2

so that is not a basis for this Court to enjoin them. *See Exceptional Child Ctr., Inc.*, 575 U.S. at 326.

In its opposing suggestions, Plaintiff refers to *In re Employment Records of John Does Employed by Sharpe Holdings* (*"Sharpe"*), 4:17MC238 RLW, 2017 WL 6547738 (E.D. Mo. 2017), in passing. In *Sharpe*, this Court denied the U.S. Secretary of Labor's Application for Order Authorizing the Disclosure of Patient Records (Ct. Doc. 1). The Secretary had requested "an Order allowing the disclosure of employment records that… will disclose the identities of individuals who participated or are participating in a drug and alcohol rehabilitation program, as well as the disclosure of participant identities for the purposes of interviewing them." *Sharpe*, Ct. Doc. 1 at 1. The Secretary conceded that producing payroll records would "necessarily reveal the identities of" Heartland's recovery program participants "[b]ecause deductions were taken from" their "pay that were not taken from other employees." *Sharpe*, Ct. Doc. 1 at 7. The Secretary insisted upon disclosure of the identities of all employees to whom the pay records belonged, claiming that "Wage and Hour needs to speak with as many [Recovery Program] participants as it can" (*Sharpe*, Ct. Doc. 1 at 8).

The context of the sentence that Plaintiff quotes from *U.S. ex rel. Chandler v. Cook County*, 277 F.3d 969, 981 (7th Cir. 2002), was a request for a writ of mandamus as a remedy for a district court discovery order in a *qui tam* action, *see id.* at 970, 972-73, that would have allowed the plaintiff's representatives to view "unredacted patient records[,]" *id.* at 981. *Chandler* is inapposite.

Plaintiff's response to Defendant's motion for summary judgment on Count I fails to acknowledge the meaning of "disclose" for purposes of 42 U.S.C. §290dd-2, defined in 42 C.F.R. §2.11:

3

> …to communicate any information identifying a patient as being or having been diagnosed with a substance use disorder, having or having had a substance use disorder, or being or having been referred for treatment of a substance use disorder either directly, by reference to publicly available information, or through verification of such identification by another person.

42 C.F.R. §2.11.  Merely putting the name of a LERCF employee, volunteer with access to children, or LERCF resident age 18 or older on a notification form with that individual's job title, or the role "volunteer" or "LERCF resident over age 18" would not "disclose" any confidential records or information in violation of §290dd-2. 42 C.F.R. §2.11.  Nothing in Missouri law would obligate Plaintiff to describe anyone's "role" as "to be in [an] addiction and recovery program" as Plaintiff contends (see Ct. Doc. 69 at 4).  Nor does the notification form itself (see Ct. Doc. 56-1 at 14-16) require Plaintiff to state that anyone listed on the form is in an addiction or recovery program, or to disclose any information in violation of 42 U.S.C. §290dd-2.

Plaintiff emphasizes that its Men's Recovery Center, in particular, is in a different county, separated by a lake from the other residents on Heartland's campus—"children, women, and college students." See Pl.'s Statement of Add'l Material Facts, Ct. Doc. 71, ¶1.  Yet, Plaintiff assumes that anyone residing on its Heartland campus "must be disclosed to the State" on the notification form. See Ct. Doc. 69 at 2.  Plaintiff does not address the applicable federal definition of "disclose," 42 C.F.R. §2.11.  The law does not support Plaintiff's argument that it must "disclose" every adult resident of Heartland on a LERCF notification form.

Moreover, Defendant does not consider Heartland's entire campus Plaintiff's LERCF. " 'The interpretation and construction of a statute by an agency charged with its administration is entitled to great weight.'" *Tuttle v. Dobbs Tire & Auto Ctrs, Inc.*, 590 S.W.3d 307, n. 12 (Mo. banc 2019), *quoting Mercy Hosps. E. Cmtys. v. Mo. Health Facilities Review Comm.*, 362 S.W.3d 415, 417 (Mo. banc 2012).

4

The Residential Care Facility Notification Act ("RCFNA"), Mo. Rev. Stat. §§210.1250 to 210.1286, defines "residential care facility" to mean

> **any place, facility, or home** operated by any person who receives children who are not related to the operator and whose parent or guardian is not a resident of the same facility and **that provides such children with** supervision, care, lodging, and maintenance for twenty-four hours a day, with or without transfer of custody.

Mo. Rev. Stat. §210.1253(6). "The context in which a word is used determines which of the word's ordinary meanings the legislature intended." *Gross v. Parson*, 624 S.W.3d 877, 885 (Mo. banc 2021). The legislature's definition of "residential care facility" focuses on the "place, facility, or home… that provides" to children not living at the place, facility, or home with their parents "supervision, care, lodging, and maintenance." A "facility" is "something (as a hospital, machinery, plumbing) that is built, constructed, installed, or established to perform some particular function or to serve or facilitate some particular end." *Webster's Third New Int'l Dictionary* 812-13 (1993). A "place" is "a building or locality used for a special purpose < ~ of amusement> < ~ of worship> …" *Id.* at 1727; *see Moon Shadow, Inc. v. Dir. of Revenue*, 945 S.W.2d 436, 437 (Mo. banc 1997) (building was not a place of amusement because the activities at issue did not occur there).

Even if Heartland's campus and operations were all part of Plaintiff's LERCF, unless a person under 18 was an employee of Plaintiff's LERCF or a volunteer for the LERCF with unsupervised access to children, that child would not need to be listed on a notification form. *See* Mo. Rev. Stat. §§210.1262(2), 210.1263. And even if Heartland's entire campus and operations were a LERCF, complying with the notification requirements would not require Plaintiff to disclose any records or information that is confidential under 42 U.S.C. §290dd-2.

**Conclusion**

5

In light of the foregoing, and for the reasons set forth in Defendant's Motion for Summary Judgment on Count I and supporting legal memorandum (Ct. Docs 50 and 52), Defendant respectfully requests that the Court grant summary judgment in his favor and against Plaintiff on Count I.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

/s/ *Emily A. Dodge*
Emily A. Dodge, Mo Bar #53914
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102-0899
Tel: (573) 751-7344
Fax: (573) 751-9456
Email: Emily.Dodge@ago.mo.gov
ATTORNEYS FOR DEFENDANT

## CERTIFCATE OF SERVICE

I hereby certify that on the 21st day of December, 2022, the foregoing was filed and served via the Court's electronic filing system upon all counsel of record.

/s/ *Emily A. Dodge*
Emily A. Dodge
Assistant Attorney General