**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| CNS INTERNATIONAL MINISTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-CV-65 RLW |
| | ) | |
| ROBERT KNODELL, | ) | |
| Acting Director of the Missouri Department | ) | |
| of Social Services, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the parties' motions for summary judgment. (ECF Nos. 50, 53, 59, 62). The motions are fully briefed and ready for disposition. In light of recent changes to the Missouri statute that forms the basis of this lawsuit, the Court will deny the motions as moot.

### Background

Plaintiff CNS International Ministries, Inc. ("Heartland") is a Missouri not-for-profit corporation that operates several faith-based recovery and educational programs, including the Heartland Children and Youth Home, Heartland Women's Recovery Program, Heartland Men's Recovery Program, Heartland Christian College, and a K-12 school. (ECF No. 23 at ¶¶ 3, 9). Heartland claims to be a License-Exempt Residential Care Facility ("LERCF"), as that term is defined in 13 C.S.R. 35-71.015. *Id.* at ¶¶ 40-41. Defendant Robert Knodell is the Director of the Missouri Department of Social Services ("DSS"). *Id.* at ¶ 5.

This suit arises from changes to Chapter 210 of the Revised Statutes of Missouri relating to background checks and notification requirements for residential care facilities. (ECF No. 23). At bottom, Heartland believes the new requirements violate the United States Constitution and

federal privacy laws. *Id.* Heartland asserts the following claims: (1) Count I - Violation of Federal Privacy Laws; (2) Count II – Violation of Plaintiff's Right of Expressive Association; (3) Count III – Procedural Due Process; (4) Count IV – Parental Rights; (5) Count V – The *Hosanna -Tabor* Ministerial Exception; (6) Count VI – Illegal Search and Seizure; and (7) Count VII – Procedural Due Process/Federal Supremacy. *Id.*

The Court referred this matter to mediation on March 1, 2022. (ECF No. 16). The parties participated in mediation on April 14, 2022, but did not reach a settlement. (ECF No. 29). Both parties believe they are entitled to summary judgment. (ECF Nos. 50, 53, 59, 62).[1]

## Discussion

Heartland contends that Chapter 210's background check and notification requirements are "contrary to clearly established law under the United States Constitution, and in some instances they require Heartland to violate settled federal statutory requirements guaranteeing privacy to individuals in drug and alcohol recovery programs." (ECF No. 23 at ¶ 1). Heartland asserts that its entire operation is a LERCF because it operates a boarding school on the premises. (ECF No. 23 at ¶ 41).[2]

---

[1] Defendant has filed three separate motions for summary judgment in an apparent attempt to circumvent Local Rule 4.01(D), which provides: "No party shall file any motion, memorandum, or brief which exceeds fifteen (15) numbered pages, exclusive of the Table of Contents, Table of Authorities, signature page, and attachments, without leave of Court." Defendant's convoluted approach violates the Local Rules and unnecessarily complicates the issues before the Court. Defendant is cautioned against future attempts to skirt the Court's page limitations.

[2] The Court is not convinced at this stage that Heartland's entire campus is a LERCF. In fact, DSS "does not consider Heartland's entire campus Plaintiff's LERCF." As Defendant notes, "the interpretation and construction of a statute by an agency charged with its administration is entitled to great weight." *Tuttle v. Dobbs Tire & Auto Centers, Inc.*, 590 S.W.3d 307, 312 (Mo. banc 2019) (citation and internal quotation marks omitted).

DSS requires all LERCFs to notify DSS of, among other things, the names of the director, owner, operator, all staff members, volunteers, and any individual eighteen years of age or older who reside at or on the property of the LERCF. 13 CSR 35-71.300(5)(D)(2). Each LERCF must attest that it maintains medical records for each child served by the facility and must provide access to the facility upon request so DSS may inspect the medical records. 13 CSR 35-71.300(5)(D)(8). The director of the LERCF, or an authorized designee, must certify that all individuals who are required to undergo a background check under Mo. Rev. Stat. § 210.493 have done so and are eligible for employment or presence at the LERCF. 13 CSR 35-71.300(5)(D)(9).

When Heartland filed its Amended Complaint, § 210.493 stated, in relevant part:

> Officers, managers, contractors, volunteers with access to children, employees, and other support staff of residential care facilities subject to the notification requirements under sections 210.1250 to 210.1286; any person eighteen years of age or older who resides at or on the property of such residential care facility; any person who has unsupervised contact with a resident of the residential care facility; and owners of such residential care facilities who will have access to the facilities shall submit fingerprints and any information that the department requires to complete the background checks, as specified in regulations established by the department, to the Missouri state highway patrol for the purpose of conducting state and federal fingerprint-based background checks.

Mo. Rev. Stat § 210.493(2) (2021). If a residential care facility fails to comply with this section, § 210.1271 empowers DSS, the prosecuting or circuit attorney of the county where the facility is located, or the attorney general, to seek injunctive relief to cease the operation of the residential care facility and remove children from the facility. Mo. Rev. Stat. § 210.1271. A person who knowingly fails to complete the background check requirements is guilty of a class B misdemeanor. Mo. Rev. Stat. § 210.1283.

Heartland's Amended Complaint centers largely on § 210.493. Heartland specifically targets the statute's applicability to "support staff." (ECF No. 23 at ¶ 48, 105, 110, 114, 116, 118,

147, 149, 151, 160). Heartland contends that DSS's definition of "support staff" would apply to lawyers and accountants that work for Heartland. (ECF No. 23 at ¶ 48, 116). Heartland also challenges the statute's applicability to "officers" and "managers." (ECF No. 23 at ¶¶ 114, 115, 147, 148). Indeed, Heartland requests that the Court issue an order prohibiting Defendant from "interfere[ing] with and dictat[ing] CNS International Ministries, Inc.'s choice in officers, staffing, and contractors" or "demand[ing] a census list, demographic information and the related information regarding officers, managers . . . and other support staff[.]" (ECF No. 23 at 36-37).

A new version of § 210.493 became effective on August 28, 2023. The revised statute no longer applies to support staff, officers, or managers. Mo Rev. Stat. § 210.493 (2023). While large portions of the statutory scheme remain unchanged—including the penalties for not complying with the background check requirements—the language of the previous version of § 210.493 is inextricably linked to Heartland's claims.

"[S]tatutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Teague v. Cooper*, 720 F.3d 973, 977 (8th Cir. 2013) (quoting *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir.2000)) (internal quotation marks omitted). "When the issues presented in a case are no longer live, the case is moot and is therefore no longer a 'Case' or 'Controversy' for purposes of Article III." *Id.* (cleaned up). A case will not be considered moot, however, if the revised statute is sufficiently similar to the previous version such that it will still disadvantage the plaintiff is the same fundamental way. *SD Voice v. Noem*, 987 F.3d 1186, 1189 (8th Cir. 2021) (quoting *Smithfield Foods, Inc. v. Miller*, 367 F.3d 1061, 1064 (8th Cir. 2004)).

The recent changes to § 210.493 unquestionably impact the merits of this case. For that reason, the Court will deny all pending motions as moot. Plaintiff shall have thirty (30) days to

4

show cause why the Court should not dismiss the entire action as moot despite the recent changes to the statutory and regulatory schemes at issue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions for summary judgment are **DENIED** as moot. (ECF Nos. 50, 53, 59).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** as moot. (ECF No. 62).

**IT IS FURTHER ORDERED** that Plaintiff shall show cause in writing no later than **September 29, 2023**, why this case should not be dismissed as moot in light of recent changes to the statutory and regulatory schemes at issue. Plaintiff shall identify all relevant statutory and regulatory changes that have occurred since Plaintiff filed its Amended Complaint. Plaintiff shall explain why the Amended Complaint presents a live case or controversy despite those changes.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall modify the caption of the case to reflect that Defendant Robert Knodell is now the Director of the Missouri Department of Social Services.

**Failure to comply with this Order may result in the dismissal of this action without prejudice.**

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of August, 2023.

5