UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CNS INTERNATIONAL MINISTRIES, INC., </br>   Plaintiff, </br> v. </br> ROBERT KNODELL, </br>   Defendant. | Case No. 2:21-cv-00065 |

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT**

As ordered by this Court (see Ct. Doc. 124 at 4-5), Defendant submits the following reply.

**I.   Which claims are mooted or impacted by the proposed amendments to 13 CSR 35-71.300 or 35-71.015?**

Plaintiff asserts that "[e]ach and every one of [CNSIM]'s claims are unaffected by the proposed regulations." Ct. Doc. 125 at 4.  Defendant disagrees.

The pending amendments to the regulations will not moot Plaintiff's challenges to statutory provisions.  But Plaintiff is also challenging several regulatory provisions.  No regulatory amendment will moot an entire count of the Second Amended Complaint (Ct. Doc. 91)—but some pending regulatory amendments will moot or impact aspects of some claims.

**A.   The impact of the pending amendment to 13 CSR 35-71.300 on Count VI.**

Plaintiff's Fourth Amendment claims (Count VI) include a challenge to Mo. Rev. Stat. §210.1264.  Plaintiff has also challenged 13 CSR 35-71.300(5)(D)8.B—a provision not required by the RCFNA.  Defendant's proposed amendment to 13 CSR 35-71.300 will delete 35-71.300(5)(D)8.B (see Ct. Doc. 120-1 at 7), mooting Plaintiff's challenge to that provision. *See Initiative & Referendum Inst. v. United States Postal Serv.*, 685 F.3d 1066, 1074 (D.C. Cir. 2012); *see Young America's Fdation v. Kahler*, 14 F.4th 879, 886 (8th Cir. 2021).  On July 15, 2024, DSS

filed its final order of rulemaking for the proposed amended 13 CSR 35-71.300 with the Joint Committee on Administrative Rules. Def.'s Ex. A, Aug. 5, 2024, Affidavit of Joyce Lueberring, ¶6. DSS anticipates filing that final order of rulemaking with the Secretary of State on August 14, 2024, with an anticipated effective date for the amended 13 CSR 35-71.300 of October 30, 2024. Aug. 5, 2024, Aff. of Lueberring, ¶6.

Moreover, Defendant has never applied 13 CSR 35-71.300(5)(D)8.B to Plaintiff[1]. Defendant has not applied, and will not apply, 35-71.300(5)(D)8.B to other LERCFs.  Under these circumstances, any challenge to 13 CSR 35-71.300(5)(D)8.B is already moot by voluntary cessation. *See Prowse v. Payne*, 984 F.3d 700, 703 (8th Cir. 2021).

**B.      The impact of the proposed amendments to 13 CSR 35-71.015.**

**1.      Whether all individuals residing or working on Heartland's campus are subject to the notification and background check requirements.**

The Court recognizes this as a central issue in this litigation. See Ct. Doc. 124 at 3.  The proposed amendment to the definition of LERCF, *see* 13 CSR 35-71.015(1)(F) (Ct. Doc. 120-1 at 3), is in keeping with the legislative intent in Mo. Rev. Stat. §210.1253(6).  The proposed amendment to the regulatory definition of LERCF more clearly communicates DSS's interpretation and application of §210.1253(6).  DSS's interpretation of the statutory definition of LERCF has remained consistent throughout this litigation.  DSS does not claim (nor has it claimed) that all Heartland residents or employees are subject to the notification or background check requirements of the RFCNA.  Employees of the Heartland Children and Youth Home and employees of Heartland Christian Academy are subject to the notification and background check requirements of the RFCNA.  Throughout this litigation, DSS has not taken the position that

---

[1] "[A] plaintiff does not have standing to challenge a policy that was not applied to it." *Young America's Fdation*, 14 F.4th at 888.

2

employees of Heartland Christian College, Heartland Community Church, or employees or residents of the Men's Recovery program or Women's Recovery Program are subject to the notification or background check requirements of the RFCNA.  The proposed amendment to the regulatory definition of LERCF reflects DSS's position as stated in this paragraph and in Defendant's summary judgment briefing.

2. **The proposed regulatory amendments and Count I (42 U.S.C. §290dd-2)**

This Court lacks subject matter jurisdiction over Count I. See Ct. Doc. 103 at 2-3. Accordingly, the proposed regulatory amendments do not impact Count I.

Moreover, the proposed amendments to 13 CSR 35-71.015 do not change the fact that individuals, rather than the LERCF, submit background check applications, so Plaintiff is not required to "disclose" confidential information in connection with background checks.  Defendant has consistently asserted that CNSIM's Men's Recovery Program and Women's Recovery Program are not part of the LERCF.  The only change that the proposed amendment to 13 CSR 35-71.300 makes to the notification procedures is the elimination of 35-71.300(5)(D)8.B (LERCF providing the division access to the facility upon request to inspect medical records). See Ct. Doc. 120-1 at 7.

3. **The proposed amendments to 13 CSR 35-71.015 and Count II (Expressive Association)**

Plaintiff's expressive association claim is partly based on CNSIM's concern that the RCFNA applies to each of Plaintiff's members.  As explained above, and in Defendant's summary judgment briefing, the RCFNA and challenged regulations do not apply to the entire Heartland campus, nor do they apply to each of Plaintiff's members.  The pending amendment to the regulatory definition of LERCF reflects Defendant's position throughout this litigation.

3

Plaintiff's expressive association claim may be impacted, but will not be mooted, by other pending amendments to 13 CSR 35-71.015. As noted by this Court, proposed amendments to 13 CSR 35-71.015, e.g., (A), (D), (G), (I), and (L), "modify and limit who is required to submit to background checks." See Ct. Doc. 124 at 3; see Ct. Doc. 120-1 at 2, 3. Those proposed amendments will conform the regulation to Mo. Rev. Stat. §210.493, which was amended in 2023 to remove the original language that had required officers, managers, and other support staff to undergo background checks. *Cf.* Mo. Rev. Stat. §210.493.2 (2022); §210.493.3. Defendant anticipates that those proposed regulatory amendments will be effective November 30, 2024. Def.'s Ex. A, Aug. 5, 2024, Aff. of Lueberring, ¶6. DSS anticipates that the final order of rulemaking for those proposed amendments to 13 CSR 35-71.015 will be filed with the Joint Committee on Administrative Rules by August 15, 2024, and with the Missouri Secretary of State by September 15, 2024, to be published in the September 30, 2024, *Missouri Register*. Aug. 5, 2024, Aff. of Lueberring, ¶6.

**4.  Count III is not impacted by the proposed regulatory amendments.**

Under Count III, Plaintiff brings procedural due process challenges to statutes related to court proceedings, Mo. Rev. Stat. §§210.143, 210.1271. The proposed regulatory amendments will not impact those challenges.

Under Count III, Plaintiff also brings procedural due process challenges to the administrative review and appeal process set forth in 13 CSR 35-71.015(12). The current administrative review and appeal process will remain in effect. Thus, the administrative review procedure will remain available to a person aggrieved by a decision of the division under 13 CSR 35-71.015.

4

Defendant does not anticipate that any proposed amendment to 13 CSR 35-71.015 would be effective prior to November 30, 2024. Def.'s Ex. A, Aug. 5, 2024, Aff. of Lueberring, ¶6. Defendant also anticipates filing, before November 1, 2024, a new emergency amendment and proposed amendment to regulation 13 CSR 35-71.015 that will ensure that the administrative review procedure contained in the version of 13 CSR 35-71.015 that is currently in effect, *see* 35-71.015(12)(B), will remain available to a "person who is aggrieved by a decision of the division under" 35-71.015, *see* 35-71.015(12)(A); *see* 35-71.015(12)(B), (D)2. Aug. 5, 2024, Aff. of Lueberring, ¶7.  That will ensure that all rights under chapter 536 of the Missouri Revised Statutes provided to any person or entity aggrieved by DSS's process will remain intact as currently provided under 13 CSR 35-71.015, effective December 30, 2023. Aug. 5, 2024, Aff. of Lueberring, ¶7.

The right to administrative review, with subsequent judicial review under Mo. Rev. Stat. §536.150, will not be impacted by the proposed amendments attached to Defendant's June 5, 2024, Status Report.  "The emergency amendment to 13 CSR 35-71.015 will supersede the proposed amendment to 13 CSR 35-71.015 that was attached to Defendant's June 5, 2024, Status Report (see Ct. Doc. 120-1), and that emergency amendment will become effective November 18, 2024." Aug. 5, 2024, Aff. of Lueberring, ¶8.  "Thus, the administrative review procedure in 13 CSR 35-71.015(12) as effective December 30, 2024, will remain available to a 'person who is aggrieved by a decision of the division under' 35-71.015, with the right to seek judicial review as provided in Mo. Rev. Stat. §536.150." Aug. 5, 2024, Aff. of Lueberring, ¶8.

> **5.     The proposed regulatory amendments do not impact Count IV ("Parental Rights").**

Plaintiff's claims under Count IV appear to be based on CNSIM's concern about a possible impact on the operation of Heartland Christian Academy in the event of hypothetical future court

5

proceedings under Mo. Rev. Stat. §§210.143 or 210.1271. The proposed regulatory amendments have no impact on Count IV.

### 6. Count V is not mooted by the proposed regulatory amendments.

The pending regulatory amendments will not moot Count V. Plaintiff's summary judgment briefing expresses concern that pastors of Heartland Community Church would have to undergo background checks if the entire Heartland campus and all employees on that campus are subject to the RCFNA. As stated above, and in Defendant's summary judgment briefing, Defendant has not taken the position that the Church or its pastor or employees are required to have background checks. The pending amendment to the regulatory definition of LERCF clearly conveys Defendant's position, which is consistent with the statutory definition of LERCF.

Plaintiff's summary judgment briefing expressed concern about the inclusion of officers in Mo. Rev. Stat. §210.493 as originally enacted, but the 2023 amendment to §210.493 removed the background check requirement for officers, *cf.* Mo. Rev. Stat. §210.493.2 (2022); §210.493.3. Plaintiff's July 26, 2024, response acknowledges that a pending amendment to 13 CSR 35-71.015 (see Ct. Doc. 120-1 at 3) excludes officers from those subject to the background check requirements. See Ct. Doc. 125 at 1.

### 7. Count VII is not mooted or impacted by the proposed regulatory amendments.

At its core, Plaintiff's Count VII argument is that a background check applicant should have the opportunity to collaterally attack criminal convictions, guilty pleas, or criminal history information in FBI databases (e.g., criminal convictions or guilty pleas) as part of the administrative review and appeal process set forth in 13 CSR 35-71.015(12). The proposed amendments to 13 CSR 35-71.015 have no impact on Count VII.

6

**II.   Whether this Court should deny as moot or hold in abeyance the parties' cross motions for summary judgment.**

This Court should not deny as moot the parties' cross motions for summary judgment. The pending regulatory amendments do not moot any claim. The parties have submitted extensive briefing on the issues.

In ruling upon the parties' cross motions for summary judgment, this Court should hold in abeyance any ruling that would invalidate 13 CSR 35-71.015(1)(A), (D), (G), (I) or (L)—provisions contained in the current version of 13 CSR 71.015 (effective December 30, 2023). There are pending amendments to 13 CSR 35-71.015 that will amend those provisions by removing managers, officers, and support staff from those listed in that regulation as persons required to undergo background checks. DSS anticipates filing its final order of rulemaking for those proposed amendments with the Joint Committee on Administrative Rules by August 15, 2024, and with the Missouri Secretary of State by September 15, 2024, to be published in the September 30, 2024, *Missouri Register*. Def.'s Ex. A, Aug. 5, 2024, Aff. of Lueberring, ¶6. DSS anticipates a November 30, 2024, effective date for the amended regulation (see Aug. 5, 2024, Aff. of Lueberring, ¶6) that will not list managers, officers, or support staff as persons required to undergo background checks. The 2023 amendments to Mo. Rev. Stat. §210.493 eliminated background check requirements for managers, officers, and support staff.

**III.   Whether, in light of the proposed amendments, a short referral to ADR would be productive at this time.**

A referral to ADR would not be productive at this time. In its response, Plaintiff asserts that statutes subject it to illegal requirements that cannot be remedied by regulation (or by how DSS may choose to enforce the RCFNA, see Ct. Doc. 125 at 3), see Ct. Doc. 125 at 2-4. The

7

parties and counsel spent more than six hours mediating this case on April 14, 2022, and have been unable to resolve this case, which presents important and complex questions.

                                        Respectfully submitted,

                                        **ANDREW BAILEY**
                                        Attorney General

                                        /s/ *Emily A. Dodge*
                                        Emily A. Dodge
                                        Mo Bar No. 53914
                                        Assistant Attorney General
                                        P.O. Box 899
                                        Jefferson City, MO  65102-0899
                                        Phone: (573) 751-7344
                                        Fax: (573) 751-9456
                                        Email: Emily.Dodge@ago.mo.gov
                                        ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2024, the foregoing was filed and served via the Court's electronic filing system upon all counsel of record.

                                        /s/ *Emily A. Dodge*
                                        Emily A. Dodge
                                        Assistant Attorney General